**Kitty B. ROBERTS, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 74–201–A.**

United States District Court, W. D. Virginia, Abingdon Division.

March 13, 1975.

Carl W. Newman, Shannon & Newman, Appalachia, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final action of the Secretary of Health, Education, and Welfare denying her claim for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 et seq. Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only question to be decided by this court is whether plaintiff's deceased husband held employment such as to bring him within the coverage of the Act.

Mrs. Roberts meets all the personal eligibility requirements for a widow seeking benefits under the Act. Furthermore, it is uncontradicted that plaintiff's deceased husband, James E. Rob-

erts, was totally disabled due to pneumoconiosis at the time of his death. However, to establish entitlement to "black lung" benefits, the claimant must also sufficiently demonstrate that the deceased individual was a miner and that his pneumoconiosis arose out of employment in the Nation's coal mines. [20 C.F.R. § 410.410(b)] The Secretary determined that the deceased was not a coal miner within the scope and intent of the Act.

The governing definition of miner is found in 20 C.F.R. § 410.110(j). A miner for purposes of the Act is one who works or has worked "as an employee in a coal mine, performing functions in extracting the coal or preparing the coal so extracted." Similarly, a coal mine is defined in 20 C.F.R. § 410.110(h) as an area of land and all structures and machinery placed upon, above, or under such land, used for the extraction or preparation of coal.

Plaintiff's deceased husband worked about 14 years for a corporation engaged in strip mining. From the evidence developed below, it appears that Mr. Roberts was employed exclusively as a truck driver who hauled coal from the surface mines to the processing tipples. Mr. Bill Jessee, President and owner of this strip mining operation, stated by way of affidavit that the deceased was exposed to a great deal of coal dust during the loading and unloading of the coal truck. Mr. Roberts was a member of the United Mine Workers of America.

The Secretary contends that merely hauling coal from the mining area to the processing tipple is not enough to qualify one as a miner under the Act. A careful reading of the governing definitions upholds the Secretary's interpretation. Mr. Roberts had no role in either the extraction or the processing of coal. Rather, he worked as an intermediary between these two parts of the coal mining operation.

The court realizes that Mr. Robert's work was somewhat akin to that of a loader or a motorman in that

all of these jobs involve contact with significant quantities of coal dust. However, the Secretary has attempted to develop standards and definitions which limit the availability of benefits to those categories of miners with traditionally the greatest incidence of pneumoconiosis. Pursuant to this authority, the Secretary has adopted occupational definitions which preclude recovery by or through "intermidiary" or incidental employees such as Mr. Roberts. In deciding the status of Mr. Roberts, the Secretary properly found that his membership in the United Mine Workers of America was not determinative.

Without approving the effect of the operative definitions in situations such as this, the court is constrained to conclude that the Secretary's interpretation and application of those definitions are not in error. The decision refusing an award of widow's benefits is affirmed and summary judgment is granted in favor of the defendant.