Michael YAKIM, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, United States of America, Appellee.

No. 78–1295.

United States Court of Appeals, Third Circuit.

Submitted Sept. 28, 1978.

Decided Nov. 16, 1978.

Charles A. Bressi, Jr., Pottsville, Pa., for appellant.

S. John Cottone, U. S. Atty., Harry A. Nagle, Asst. U. S. Atty., M.D.Pa., Lewisburg, Pa., Stephanie W. Naidoff, Regional Atty., Fred J. Marinucci, Asst. Regional Atty., Dept. of H.E.W., Philadelphia, Pa., for appellee.

Before ROSENN and WEIS, Circuit Judges, and FISHER, District Judge.*

OPINION OF THE COURT

WEIS, Circuit Judge.

In 1978 Congress amended the portion of the Federal Coal Mine Health and Safety Act relating to black lung benefits by enlarging the eligible class of claimants and liberalizing evidentiary requirements to establish a claim. Appeals to the courts since that event raise the recurring question whether the new amendments, particularly those on evidentiary matters, are to be applied retroactively. After careful scrutiny of the statute and its legislative history, we answer that question negatively.

Claimant Yakim was denied black lung benefits by the Social Security Administration, and summary judgment was entered against him in his appeal to the district court. The administrative law judge who heard the case at the agency level made unfavorable findings to the claimant based in part on a rereading of the x-rays by radiologists selected by the Secretary, and refused to credit claimant's self-employment service in the mines. The Black Lung Benefits Reform Act of 1977, Pub.L. No. 95–239, §§ 1–20, 92 Stat. 95 (amending 30 U.S.C. §§ 901–941 (1976)), changed the law with respect to both of these matters in a manner more favorable to the claimant and,

* Honorable Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

if applicable to this appeal, would require remand to the Secretary.[1]

■ Chief Justice Marshall, in *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801), articulated the general rule that an appellate court is bound by law which comes into effect after judgment was entered but before the appeal is decided. This time-tested principle was reaffirmed in *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). In *Bradley*, the Court rejected the notion that a newly enacted statute would apply to pending cases only where mandated by its explicit terms. To the contrary, the presumption is that the new law will be applied unless there is statutory direction or legislative history to the contrary, or where an exception is necessary to avoid manifest injustice. *Accord, Cort v. Ash*, 422 U.S. 66, 77, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

Given this standard, we turn first to the text of the Black Lung Benefits Reform Act of 1977, and find no explicit direction on the retroactivity issue. Section 20 merely provides that "the provisions . . . shall take effect on the date of the enactment of this Act [March 1, 1978]." Arguably, this language standing alone would be insufficient to overcome the presumption of retroactivity created by *Bradley* and *The Schooner Peggy*.

■ There is evidence in the legislative history, however, supporting the premise that Congress decided against having the Act apply to cases presently pending in the courts. The original house bill, H.R. 4544, 95th Cong., 1st Sess. §§ 8, 16 (1977), contained a provision mandating retroactive application of amendments affecting certain evidentiary matters. In disapproving the Department of Health, Education and Welfare's practice of rereading x-rays, terming it "second-guessing," the Committee report stated, "[t]he Committee therefore intends that this provision be retroactively applied to denied and pending claims

as well as to new ones. . . . Because of administrative omissions in this regard, the amendment is made retroactive to December 30, 1969." H.R.Rep. No. 151, 95th Cong., 1st Sess. 21, *reprinted in* [1978] U.S. Code Cong. & Admin.News, pp. 465, 485. Significantly, this provision was removed from the final bill by the Senate-House Conference Committee. The Conference Committee report made no direct reference to the deletion, simply stating that "[t]he conference substitute provides that the amendments will take effect on the date of enactment." H.R.Rep. No. 864, 95th Cong., 2d Sess. 29, *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 536, 550. Nevertheless, the striking of the retroactivity provision weighs heavily against application of the evidentiary amendments to pending cases. *See Bradley v. Richmond School Board, supra* at 716 n. 23, 94 S.Ct. at 2018.

There are additional grounds for concluding that this case does not follow in the wake of *The Schooner Peggy*. Section 15 of the Reform Act establishes an elaborate plan for review of pending and previously denied claims. Upon request of the claimant, the Secretary of H.E.W. is required to review a pending or denied claim "taking into account the amendments made by the Black Lung Benefits Reform Act of 1977." On approval, the claim is then referred to the Secretary of Labor for payment. If H.E.W. disapproves the claim, it may be considered again by the Secretary of Labor. But subsection (c) of § 15 provides that a claim which is approved under that section may establish entitlements to retroactive benefits beginning for a period *not earlier* than January 1, 1974.

The Court of Appeals for the Fourth Circuit in *Treadway v. Califano*, 584 F.2d 48 (4th Cir. 1978) (*in banc*), reviewed § 15(c) at length and concluded that it disclosed a congressional intention to make the Reform Act non-retroactive as to cases pending in the courts. The court was also in accord with the Secretary of H.E.W.'s conclusion

---

1. Among the changes, the amendments enlarged the definition of miner, *see* Pub.L. No. 95–239, § 2(b), 92 Stat. 95 (amending 30 U.S.C. § 902 (1976)), and disapproved of the Secretary's practice of rereading a Board-certified or Board-eligible radiologist's x-rays "except where the Secretary has reason to believe that the claim has been fraudulently represented," *id.* § 5(a), 92 Stat. 97 (amending 30 U.S.C. § 923 (1976)).

that a claimant could proceed to have his pending claim processed in the Department or the courts "under the old law but without consideration of the recent changes," simultaneously with an administrative review under § 15, using the new standards.

We agree that § 15(c) is an indication that Congress was aware of the retroactivity problem and decided to limit any such effect to those cases eligible for a fresh review under the Reform Act.[2] It would thus be inconsistent with the new statutory scheme to hold that the evidentiary liberalization was intended to be fully retroactive. Therefore, review of cases filed in the courts before March 1, 1978 should not be governed by the Black Lung Reform Act of 1977, but by the "old law" in effect before that date.

In accordance with this standard, we have reviewed the record in the case before us and conclude that there was substantial evidence to support the finding of the Secretary. Accordingly, the district court did not err in granting summary judgment and it will be affirmed, without prejudice, however, to the claimant's right to request administrative review under § 15 of the Reform Act.

---

2. We express no view on the possible implication of *Treadway* that the retroactive limitation of § 15(c) applies to all cases and is not confined to those made eligible for reconsideration under the specific terms of that section.