Commodie FREEMAN,
Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 77–2505.

United States Court of Appeals, Fifth Circuit.

July 18, 1979.

**1058**

Samuel H. Sanders, III, Birmingham, Ala., for plaintiff-appellant.

J. R. Brooks, U. S. Atty., Caryl P. Privett, Elizabeth Campbell, Asst. U. S. Attys., Birmingham, Ala., for defendant-appellee.

Before TUTTLE, GODBOLD and RUBIN, Circuit Judges:

GODBOLD, Circuit Judge:

The appellant sought review in the district court of the determination of the Secretary of Health, Education and Welfare that he is ineligible for disability benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. §§ 901 *et seq.* He now appeals from the district court's affirmance of the Secretary's action. The case turns on the interpretation of 30 U.S.C. § 921(c)(1), which creates a presumption that pneumoconiosis (black lung) contracted by one who has worked at least ten years in coal mines was brought about by that work.

The appellant filed for black lung benefits in December 1972. After his application was denied he sought a hearing, which was held in January 1975. The ALJ's decision denying benefits was affirmed by the Appeals Council of the Social Security Administration and became the final decision of the Secretary. On review, the district court affirmed. Because we conclude that the Secretary and the district court erred in the interpretation of § 921(c)(1), we remand the case for reconsideration of this issue.

Before the ALJ it was acknowledged that the claimant was totally disabled due to pneumoconiosis. The sole question, therefore, was whether the disability was caused by covered coal mine employment and hence compensable under the Act. As the ALJ stated, there are two ways to establish such causation. A claimant may adduce whatever relevant evidence he may bring to bear to prove that the disability resulted from coal mine employment. But because of the difficulty of proving causation in

these cases, Congress has provided an alternative. 30 U.S.C. § 921(c)(1) provides:

> If a miner who is suffering from pneumoconiosis was employed for ten years or more in one or more coal mines there shall be a rebuttable presumption that his pneumoconiosis arose out of such employment.

The appellant contends that in applying this section he should be given credit for time spent in railroad work, since that work was done in the vicinity of a coal mine, maintaining track that went into the mine for the purpose of transporting coal out. He asserts that since he spent six years at such work, and five more in actual mining work, he qualifies for the presumption.[1]

■ In his decision and in his remarks during the hearing, the ALJ made clear that in his view black lung is compensable only if its causation, whether proved directly or by the § 921 presumption, is related to underground coal mining experience. Thus he would not consider appellant's railroad work, most of which was apparently aboveground. This restrictive application of § 921(c)(1) is erroneous. Although the presumption originally required ten years underground, the word "underground" was deleted in 1972. P.L. 92–303, § 3(a), 86 Stat. 153.

The district court evidently recognized this point, for it did not rely on the fact that Freeman's work for the railway was aboveground. However, in affirming the Secretary's decision the district court adopted another unduly restrictive interpretation of the ALJ's coverage. The district court focused on regulations promulgated to define the terms "miner" and "coal mine" as used in § 921(c)(1):

"Miner" or "coal miner" means any individual who is working or has worked as an employee in a coal mine, performing functions in extracting the coal or preparing the coal so extracted.

20 C.F.R. § 410.110(j).

"Coal mine" means an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from, the work of extracting in such area bituminous coal, lignite, or anthracite from its natural deposits in the earth by any means or method, and the work of preparing the coal so extracted, and includes custom coal preparation facilities.

20 C.F.R. § 410.110(h). Despite the broad language of these definitions the district court concluded that

the presumption encompasses only those years spent as an employee of a coal mining operation, rather than one whose work was simply conducted within the limits of the "coal mine" as defined in 410.110(h). In this case, while some of Mr. Freeman's work for Southern Railroad may have involved work in a "coal mine," he was clearly not a "miner" "employed" "in the Nation's coal mines" at the time.

It is unclear from this passage whether the court was relying on the nature of appellant's work or the fact that he was employed by a railroad rather than a mining company. The latter distinction is irrelevant; nothing in § 921 or the regulations indicates that application of the presumption should turn on the nature of the employer's business rather than the nature and

---

1. An initial question is whether the claimant's mining employment totals ten years even if the railroad employment is counted. The ALJ, after considering Freeman's oral testimony concerning his work history (which was rather vague) and Social Security records, credited him with 19 quarters of coal mine experience. According to the claimant's testimony, he worked for Southern Railroad from 1937 "until 40–40, 41, somewhere along in there." If this is true, then Freeman could not meet the ten-year standard regardless of the treatment of the time at the railroad. But in his appellate brief claimant maintains that he was employed by the railroad through 1943, and that this may be borne out by Railroad Retirement Board records. Because such records are not part of the administrative record in this case, and because claimant's hearing testimony leaves a gap in his work history in the period 1941–43, we cannot resolve this issue and therefore leave it to the agency on remand.

location of the work done. *See Roberts v. Weinberger*, 527 F.2d 600, 601 (CA4, 1975).[2]

■ A more plausible interpretation of the district court's opinion is that it was based on the nature of Freeman's work. The regulations indicate that a miner is one engaged in "extracting" or "preparing" coal. Appellant's railroad work, which facilitated transportation of coal out of the mine, is not strictly speaking "extraction" or "preparation". But recent cases have applied § 921(c)(1) liberally to those involved in ancillary activities necessary to the extraction and preparation of coal if such activities are conducted within a "coal mine" as defined in the regulation. *Roberts v. Weinberger*, 527 F.2d 600 (CA4, 1975) (driving truck to haul coal from extraction site to processing area);[3] *Adelsberger v. Mathews*, 543 F.2d 82 (CA7, 1976) (clerical employee who spent time relaying orders from office to preparation site); *Skipper v. Mathews*, 448 F.Supp. 300 (M.D. Pa.1977) (work in mining equipment repair shop). We agree with this principle and hold that the district court erred in holding that appellant's work necessarily fails to qualify.

We have reviewed the administrative record and find it inadequate to resolve the question whether the claimant's railroad work should be counted toward the ten-year period. There is little evidence concerning the nature of his work and almost none that indicates how much of it was conducted within a "coal mine" as defined by 20 C.F.R. § 410.110(h). Remarks of the ALJ during the hearing made it clear that any attempt to adduce evidence of this sort would have been useless, since he would consider only underground experience. It is therefore necessary for the case to be remanded to the agency so that the claimant may have an opportunity to present such evidence.

The parties have raised the question whether the case should be remanded for reconsideration in light of changes made by the Black Lung Benefits Reform Act of 1977, P.L. 95–239, 92 Stat. 103 (1978). These amendments provide for review under less stringent standards of claims pending or denied as of March 1, 1978.[4] However, benefits awarded under those provisions can be retroactive only as far back as January 1, 1974. 30 U.S.C. § 945(c). It has been held that the Reform Act does not prevent claimants from continuing to press claims pending in court under the old law in the hope of obtaining additional retroactive benefits. *Treadway v. Califano*, 584 F.2d 48 (CA4, 1978) (en banc); *Yakim v. Califano*, 587 F.2d 149 (CA3, 1978). We agree, and direct that the case be remanded to HEW for reconsideration under the law as it stood before the Reform Act. Appellant may still (if unsuccessful) commence a separate administrative proceeding for benefits under the Reform Act. *Id.; Hill v. Califano*, 592 F.2d 341, 346 (CA6, 1979).

REVERSED and REMANDED.

2. In that case claimant's deceased husband had driven a truck hauling coal from a strip mine extraction site to a processing area. There was conflicting evidence as to whether the deceased was the employee of the mining company or of a trucking company hired by the mine. The Fourth Circuit evidently deemed this question unimportant, leaving it unresolved while going on to decide that the claimant's work qualified him as a "miner" eligible for benefits.

3. The district court relied heavily on the district court opinion in *Roberts*, 391 F.Supp. 200 (W.D.Va.1975), which was reversed by the Fourth Circuit.

4. Procedures for such review are set out in 30 U.S.C. § 945. One of the liberalized provisions applicable to this case is the revised definition of "miner" contained in 30 U.S.C. § 902(d):

The term "miner" means any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.