843 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest ELY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3596.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 11, 1988.
Decided: April 7, 1988.
 
 (C. Randall Lowe, Yeary, Tate & Lowe, P.C., on brief), for petitioner.
 (George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; Barbara J. Johnson, Counsel for Appellate Litigation; Sylvia T. Kaser, Assistant Counsel for Appellate Litigation; Roscoe C. Bryant, Attorney, U.S. Department of Labor, Office of the Solicitor), for respondent.
 Before JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Ernest Ely petitions for review of a decision of the Benefits Review Board affirming an administrative law judge's (ALJ) denial of his claim for disability benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. (1982). Ely argues that the ALJ erred in concluding that he had only worked two years and three months as a coal miner and that his coal mine employment did not cause his pneumoconiosis. Respondent Director of the Office of Workers' Compensation Programs claims that substantial evidence supports the ALJ's findings.[1] We affirm.
 
 
 2
 Ely applied for black lung disability benefits in January 1973.[2] He alleged that he had worked in coal mines sporadically for eight to nine years between 1938 and 1948. However, when the ALJ attempted to construct a more specific employment history for Ely from Social Security records, he found that Ely had mined coal for only two years and three months between 1937 and 1953.
 
 
 3
 The ALJ rejected two witness affidavits regarding Ely's employment prior to 1937, which was the beginning date of the Social Security records, because they conflicted with Ely's testimony or only concerned his hauling processed coal. The first affiant provided that Ely hauled coal for Benedict Coal Company for "5 or 6 years in [the] 1930's." App. at 23. The second affiant wrote that Ely loaded coal for Benedict Coal Company at its mines from 1932 to 1942. App. at 29. However, Ely testified that he could not work for a coal company before 1939 because of age. App. at 80-81. The Social Security records confirm his testimony. App. at 17-20. Ely further testified that he hauled processed coal for his father between 1933 and 1939 and was not exposed to the mines during this time whatsoever. App. at 81-82, 84.
 
 
 4
 A black lung benefits claimant must prove that he worked as a "miner," which is defined as follows:
 
 
 5
 The term 'miner' means any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
 
 
 6
 30 U.S.C. Sec. 902(d). This statutory definition of "miner" contains two elements, namely "work in a coal mine, and performing functions in extracting or preparing coal, i.e., a situs test and a function test." Amigo Smokeless Coal Co. v. Director, OWCP, 642 F.2d 68, 70 (4th Cir.1981) (citing Freeman v. Califano, 600 F.2d 1057 (5th Cir.1979) and Adelsberger v. Mathews, 543 F.2d 82 (7th Cir.1976)). A person who hauls processed coal to consumers does not constitute a coal miner under the Black Lung Benefits Act. Cole v. Director, OWCP, 6 Black Lung Rep. 1-1043, 1-1045 (Ben.Rev.Bd.1983). Thus, the statute and case law prevent Ely from including his years prior to 1939 spent hauling processed coal for his father in his calculation of his coal mine experience.
 
 
 7
 The ALJ's calculation of Ely's coal mine employment was supported by substantial evidence. The Social Security records established Ely's length of coal mine employment from 1937 to 1953 as two years and three months. The ALJ properly excluded Ely's work experience prior to 1939 because it involved hauling processed coal which is not covered by the statute.
 
 
 8
 Since Ely had worked less than ten years in coal mines, the ALJ concluded that he was not entitled to any presumptions under the regulations. 20 C.F.R. Sec. 410.416. Accordingly, the ALJ required Ely to prove that he was totally disabled because of pneumconiosis which resulted from his coal mine employment. 20 C.F.R. Sec. 410.410(b). See supra note 2. There is no dispute that Ely demonstrated that he suffered from pneumoconiosis which rendered him totally disabled. At issue is whether Ely's condition resulted from his coal mine employment.
 
 
 9
 Ely presented the diagnoses of three doctors to prove that his coal mine employment caused his pneumoconiosis. Dr. S.K. Paranthaman determined that Ely's impairment was "possibly" related to dust exposure from his coal mine employment. App. at 55. Dr. K.D. Taylor, II, concluded that Ely's pulmonary disease was "secondary to his years of exposure to coal dust working in the mines." App. at 50. Dr. Joseph F. Smiddy did not reach a conclusion regarding whether Ely's coal mining experience caused his impairment. He only reported that Ely's condition prevented him from working an eight hour mining shift. App. at 12.
 
 
 10
 The ALJ discredited these diagnoses because they were based on Ely's inaccurate allegation that he had mined coal for eight to nine years. App. at 11, 50, 52. The difference between working two years and nine years in a coal mine is medically significant in establishing causation. Furthermore, the ALJ concluded that Ely failed to prove that his coal mine employment caused his pneumoconiosis because he had smoked one pack of cigarettes a day for at least thirty years. App. at 94-95. We conclude that the ALJ's denial of benefits was supported by substantial evidence.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Pursuant to 33 U.S.C. Sec. 921(b)(3), as incorporated by 30 U.S.C. Sec. 932(a), the Benefits Review Board may only reverse the ALJ's findings of fact if they are not supported by "substantial evidence."
 
 
 [2]
 The ALJ should have adjudicated Ely's claim, which was filed before July 1, 1973, pursuant to the interim presumption available under 20 C.F.R. Sec. 410.490. Mullins Coal Company, Inc. v. Director, OWCP, 56 U.S.L.W. 4044, 4049 (1987). Nevertheless, the ALJ committed harmless error by applying the elements of 20 C.F.R. Sec. 410.410 instead of 20 C.F.R. Sec. 410.490 because both regulations contain a causation provision which Ely failed to satisfy. See infra p. 5