UNITED STATES STEEL CORPORATION, Petitioner,

v.

Pervy BRIDGES and Director, Office of Workers' Compensation Programs, United States Department of Labor, Appellees.

No. 78–1496
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1978.

James D. Strader, Gen. Atty., Philip J. Sheehe, Atty., Pittsburgh, Pa., for petitioner.

William E. Mitch, Earl V. Brown, Cooper, Mitch & Crawford, Birmingham, Ala., Ralph M. Hartman, Director of Workers'

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir., 1970, 431 F.2d 409, Part I.

8

Compensation Programs, NDOL, Laurie M. Streeter, Assoc. Sol. of Labor, Lee D. Richardson, Carin Ann Clauss, Sols. of Labor, U. S. Dept. of Labor, Washington, D. C., for appellees.

Benefits Review Board, Washington, D. C., for other interested party.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges:

PER CURIAM:

Pervy Bridges filed a claim for total disability benefits under the Federal Coal Mine and Safety Act of 1969, asserting that he had contracted pneumoconiosis or "black lung" disease. The Act, *inter alia,* provides benefits for persons who are totally disabled as a result of pneumoconiosis. After a hearing to determine the merits of Bridges' contentions, the hearing officer upheld his claim for benefits. His employer, the United States Steel Corporation, appealed the hearing officer's decision to the Benefits Review Board, and the Board upheld the findings of the hearing officer. United Steel subsequently filed an appeal in this court. We affirm.

United States Steel asserts that the hearing officer erred in finding that Bridges was totally disabled because of pneumoconiosis. In reaching his determination on this issue, the hearing officer relied on 30 U.S.C. § 921(c)(4), which provides for a rebuttable presumption of disabling pneumoconiosis if: (1) the miner was employed for fifteen years or more in one or more underground coal mines; (2) his chest x-rays do not show "complicated" pneumoconiosis; and (3) other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment. The third requirement is at issue here. The Corporation contends that a regulation, 20 C.F.R. § 410.414, promulgated under the authority of § 921 defines the words "other evidence" contained in the third requirement to mean only medical evidence. Since the hearing examiner, in addition to the medical evidence, relied on the claimant's testimony to establish disability, the Corporation argues that the hearing officer's findings are in violation of the regulation.

The regulation in question contains three separate and independent methods for proving the existence of pneumoconiosis. The first part allows pneumoconiosis to be established solely through medical evidence; the second provides for a presumption identical to that contained in 30 U.S.C. § 921(c)(4); and, the third part, containing the definition cited by the Steel Company, permits a finding of pneumoconiosis "if other relevant evidence establishes the existence of a totally disabling chronic respiratory or pulmonary impairment, and that such impairment arose out of employment in a coal mine." It is clear from the language contained in the regulation that the method provided for in the third part is operative only when pneumoconiosis is not established by one of the methods given in the first two parts and that the stated definition of "other relevant evidence" is to be used only in reference to the third part. Even if this definition excludes the claimant's testimony from consideration as "other relevant evidence," a matter we need not reach and do not decide, it is controlling only when a claimant uses the third method to establish pneumoconiosis. Bridges relied on the rebuttable presumption contained in the second part to show his affliction, and thus, the definition of other relevant evidence contained in the third part is inapplicable to his claim. We hold that the phrase "other evidence" as used in reference to the third element necessary to create a presumption under 30 U.S.C. § 921(c)(4) is to be given its ordinary meaning and that the hearing officer may therefore take into account all relevant evidence in determining the existence of disabling pneumoconiosis, including the claimant's testimony. *See Henson v. Weinberger,* 548 F.2d 695, 698–99 (7th Cir. 1977).

United States Steel also contends that the hearing examiner was incorrect in basing his findings of disability solely on the

testimony of the claimant. *See Jeffries v. Matthews,* 431 F.Supp. 1030 (E.D.Tenn. 1977). The record here demonstrates that the hearing examiner did not rely solely on the testimony of the claimant; four physicians testified that Bridges had contracted simple pneumoconiosis, and one of them concluded that Bridges was disabled because of the disease. The hearing examiner merely found that this testimony, together with the claimant's statement, was sufficient to prove disabling pneumoconiosis. The corporation's arguments on this issue are without merit.

United States Steel argues that the evidence was insufficient for the hearing examiner to find that Bridges had simple pneumoconiosis. The findings of the hearing officer may not be disturbed unless those findings are unsupported by substantial evidence. *Banks v. Chicago Grain Trimmers Association,* 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30, 37 (1968). Claimant offered abundant evidence to support the hearing examiner's finding of simple pneumoconiosis. United States Steel urges that its witnesses were more qualified to judge the existence of simple pneumoconiosis and that the hearing examiner should have accepted their findings. The task of evaluating the credibility of the witnesses is the province of the hearing examiner, and if substantial evidence exists to support his findings, an appellate court cannot overturn them. *Peabody Coal Company v. Benefits Review Board,* 560 F.2d 797, 802 (7th Cir. 1977). Substantial evidence to sustain the findings entered by the hearing examiner was adduced here.

AFFIRMED.