James F. COLLINS, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, United States Department of Labor, and the Benefits Review Board, Respondents.

No. 85–2347.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1986.

Decided July 10, 1986.

H. John Taylor, for petitioner.

Michael J. Denney, U.S. Dept. of Labor (George R. Salem, Deputy Solicitor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, Washington, D.C., on brief), for respondents.

Before WIDENER, HALL and CHAPMAN, Circuit Judges.

K.K. HALL, Circuit Judge:

James F. Collins ("claimant") petitions for review of a decision of the Benefits Review Board, affirming certain determinations made by an Administrative Law Judge ("ALJ"). The ALJ's decision was made following a hearing on Collins' application for disability benefits pursuant to the Black Lung Benefits Act (the "Act"), 30 U.S.C. 901 *et seq.* Both the ALJ and the Benefits Review Board concluded that Collins was not entitled to benefits because he could not establish either through direct evidence or through regulatory presumptions that his disabling pneumoconiosis arose out of coal mining employment. We affirm.

## I.

Collins applied for federal black lung benefits on April 1, 1974. The Department of Labor administratively denied the claim and Collins requested that his claim be forwarded to the Office of Administrative Law Judges for a formal hearing. Prior to his hearing on July 21, 1982, Collins, who had been represented by an attorney from the Legal Aid Society of Charleston, West Virginia, obtained private counsel.

At the hearing before the ALJ, counsel for the Director, Office of Workers' Compensation Programs conceded that Collins had established through x-ray evidence that he was suffering from pneumoconiosis. The only issue presented was whether claimant could establish that his impairment arose out of coal mine employment. In an effort to meet that burden, Collins sought to show that he had been engaged in coal mining employment for more than ten years and was therefore entitled to invoke the interim presumption contained in 20 C.F.R. § 727.203(a).[1]

Through his personal testimony, his social security earnings record and the affidavits of former co-workers, Collins sought to establish coal mine related employment lasting over ten years. He testified that he was born in 1918 and that he began working with his father in an underground coal mine owned by the Rollyson Coal Company when he was fourteen or fifteen. He further stated that in 1934 at the age of sixteen he began working for a trucking contractor hauling slate away from a tipple owned by the Dixieport Coal Company of Campbell's Creek, West Virginia. Collins was apparently employed in that position until he entered military service in 1942.[2]

Following his discharge from the Army in 1945, Collins had a checkered work history involving a variety of employment in both Georgia and West Virginia. He asserted before the ALJ that he was employed as an underground coal miner at various mines near Hugheston, West Virginia, between 1947 and 1950. His social security records, however, show other employment during that same period. Although some of Collins' post-war employment was clearly coal mine related, a substantial part of his working experience was either in road construction or fell within categories not readily discernible from the available evidence.

In an opinion issued on February 2, 1983, the ALJ held that Collins had demonstrated no more than three years, at most, of coal mine employment and was not, therefore, entitled to the invocation of the interim presumption. The ALJ then analyzed the claim for benefits under 20 C.F.R. § 410 and concluded that Collins had not established that his pneumoconiosis arose out of coal mine employment. Accordingly, the ALJ denied the claim for benefits.

Following issuance of this decision and order, Collins obtained new counsel, who also represents him in this appeal, and filed a motion for reconsideration with the ALJ. In his motion, claimant alleged that his former counsel had failed to call two witnesses who would have confirmed certain coal mine employment. On June 29, 1983, the ALJ denied the motion for reconsideration.

---

1. Section 727.203(a) of Title 20 of the Code of Federal Regulations, in pertinent part, provides:
   A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment, if one of the following medical requirements is met:
   · (1) A chest roentgenogram (X-ray) ... establishes the existence of pneumoconiosis....;
   (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease....;

   (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood....

2. It is unclear exactly how long Collins worked as a truck driver hauling slate. There is a conflict between his assertion in this appeal and his testimony at the administrative hearing. For purposes of this appeal we accept the statement in his brief that the employment lasted continuously from 1934 to 1942.

Collins thereafter filed a timely notice of appeal with the Benefits Review Board. While the appeal was pending, he also filed a motion for modification with the ALJ. The motion for modification was denied as being without merit on May 15, 1984.

In the ultimate appeal to the Board, Collins alleged that his prior counsel's lack of effective preparation had denied him a full and fair hearing. He also contended that the ALJ had erred in finding his motion for modification to be without merit. On November 12, 1985, the Board issued a decision and order affirming the denial of benefits. The Board held that a review of the hearing record did "not reveal inadequate representation *per se.*" The Board further held that Collins had not alleged any change of condition or mistake of fact in his motion for modification and that the ALJ's denial of that motion was proper.

This appeal followed.

## II.

On appeal, Collins raises the same two contentions previously rejected by the Benefits Review Board. Specifically, he argues that the inadequate performance of his counsel deprived him of the right "to participate fully" in his hearing as required by 20 C.F.R. § 725.452(b). He also contends that in denying his motion for modification, the ALJ failed to address proffered evidence that was sufficient to make a *prima facie* showing of more than ten years of coal mine employment. We see no merit in either contention.

The right of a party seeking benefits under the Black Lung Benefits Act to a hearing on his claim is unquestioned. *See* 20 C.F.R. § 725.452. Section 556 of the Administrative Procedures Act, 5 U.S.C. § 554 *et seq.*, which is incorporated in the Black Lung Benefits Act, provides that at such a hearing "[a] party is entitled to present his case or defense by oral or docu-

mentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts."

In its simplest formulation, the right to a hearing is a right to a fair opportunity by a claimant to present his case to an impartial judge. When a claimant appears with freely chosen counsel of his own selection and participates in a hearing in which the ALJ properly discharges his duty of impartiality, it is difficult to see how there could be a denial of that right. In any event, we agree with the Benefits Review Board that on the available record there is no indication that the performance of Collins' counsel at the ALJ hearing was inadequate.[3]

## III.

We also agree with the Benefits Review Board's conclusion that Collins' motion for modification "failed to allege any change of condition or mistake of fact that would require reversal" of the ALJ's order denying benefits. Collins' effort with regard to that motion concentrated primarily upon establishing that he had driven a truck hauling slate from a coal mine for at least seven years. He argues on appeal that because those seven years when added to the three already determined would be sufficient to invoke the interim presumption, the ALJ was required to fully explain his reasons for refusing to modify the original order. We see no merit in this contention.

In *Amigo Smokeless Coal Company v. Director, etc.,* 642 F.2d 68 (4th Cir. 1981), this Court noted that parties claiming black lung benefits must satisfy both a function and a situs requirement. They must have performed activities involved with the extraction or preparation of coal

---

**3.** Collins' effort on appeal to blame his own inconsistent testimony on lack of preparation by his counsel is singularly unpersuasive. Collins also argues that the inadequacy of his attorney prevented him from establishing the ten

years of coal mine employment necessary to invoke the interim presumption. In light of our treatment of that issue, *infra,* section III, it is clear that no attorney had any reasonable likelihood of prevailing on that point.

and that activity must have occurred in and around a coal mine.[4]

■ Traditionally the tipple marks the demarcation point between the mining and the marketing of coal. It is at that structure that the screening of the coal occurs and the final product is loaded for transport. When coal leaves the tipple, extraction and preparation are complete and it is entering the stream of commerce. While individuals who come in contact with the coal at this interval or later may still suffer harmful exposure to coal dust, they are not within the class protected by the black lung statute. *See Eplion v. Director*, 794 F.2d 935 (1986).

■ With regard to Collins, his allegations concerning this phase of his employment show only that he hauled slate away from the tipple. Slate is not coal but a byproduct of coal mining. Under our holding in *Amigo*, this activity could not assist him in satisfying the durational requirement for invoking the interim presumption. It is clear that his activity as a truck driver was not involved with the extraction or preparation of coal.[5] Accordingly, we conclude that the ALJ properly declined to modify his original order because Collins' employment as a truck driver, whatever its duration, did not qualify as coal mine employment within the meaning of the Black Lung Benefits Act.

4. A miner is defined in the Black Lung Benefits Act, 30 U.S.C. § 902(d) as:
    An individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
    A coal mine is defined at 30 U.S.C. § 802(h) as:
    ... an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from the work of extracting in such area bituminous

**IV.**

For the foregoing reasons, we conclude that the ALJ's denial of benefits in this matter was supported by substantial evidence. The determination of the Benefits Review Board sustaining the order of the ALJ is affirmed.

AFFIRMED.

coal, lignite, or anthracite from its natural deposits in the earth by any means or method, and the work of preparing the coal so extracted, and includes custom coal preparation facilities.
The Act further defines the preparation of coal as:
... the breaking, crushing, sizing, cleaning, washing, drying, mixing, storing, and loading of bituminous coal, lignite, or anthracite, and such other work of preparing such coal as is usually done by the operator of a coal mine. 30 U.S.C. § 802(i).

5. Because our conclusion on the functional nature of Collins' work is dispositive of this issue, we do not reach the question of whether he could satisfy the situs requirement imposed in *Amigo*.