818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bascom S. ROSE, Petitioner,
v.
DIRECTOR, OFFICE OF WOERKRS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3599.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1987.
Decided April 28, 1987.
 
 Before HALL and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Margaret Tuttle Schenck, for petitioner.
 Brian Earl Peters, U.S. Department of Labor (George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation, on brief), for respondent.
 PER CURIAM:
 
 
 1
 Claimant Bascom S. Rose appeals from a denial of benefits pursuant to the Federal Mine Safety and Health Act, 30 U.S.C. Sec.901 et sea. (1982)("the Act"). The administrative law judge ("ALJ") determined that, since Rose had worked less than ten years in coal mine employment, the presumption of total disability was not invoked. The ALJ denied Rose disability benefits. The Benefits Review Board ("BRB") upheld this determination. Rose now challenges the ALJ's finding, alleging that he worked at least ten years in coal mine employment. He also alleges ineffective assistance of counsel. We reject both of Rose's arguments and affirm the denial of benefits.
 
 I.
 
 2
 The first issue we must consider involves the duration of Rose's coal mine employment. In order to invoke the interim presumption of total disability, a claimant must show, among other things, that he was engaged in coal mine employment for at least ten years. See 20 C.F.R. Sec. 727.203(a)(1)(1986). The parties agree that Rose worked in coal mine employment from 1941 until 1945 as a coal loader for the Red Jacket Coal Company. it is also undisputed that after 1945 Rose ceased to work in coal mine employment. He obtained jobs in other industries and stopped working altogether in 1980.
 
 
 3
 There is some dispute, however, over whether or not Rose worked in coal mine employment before taking a job with Red Jacket Coal Company in 1941. At the administrative hearing, Rose testified that his father owned a coal mine and that he worked in the mine from 1932, when he was ten years old, until 1938 or 1939. Additionally, Rose presented seven affidavits from persons stating that Rose had worked in his family's mine from August of 1932 until August of 1938. Yet, in filling out his claim form to receive benefits under the Act, Rose indicated that he had worked in coal mine employment for only four years. Additionally, in completing the "History of Coal Mine Employment" form accompanying his claim form, Rose listed only his work for Red Jacket Coal Company from 1941 to 1945.
 
 
 4
 In determining the number of years of Rose's coal mine employment, the ALJ reviewed all the relevant documents, including the seven affidavits and Rose's claim forms. The ALJ chose not to credit the seven affidavits pertaining to Rose's work at the family mine because he felt they did not adequately establish the period in which Rose worked. Instead, the ALJ credited the claim forms which Rose himself had completed in anticipation of receiving benefits under the Act.
 
 
 5
 We uphold the ALJ's determination, as affirmed by the BRB, since it is based on a reasonable method of calculation and is supported by substantial evidence in the record as a whole. See Hall v. Director, Office of Workers' Compensation Programs, 2 Black Lung Rep. 1-998, 1-999 (1980). The ALJ properly refused to credit the seven affidavits, which were all in the same typewritten form, with signatures affixed to them. The affidavits stated that Rose worked in the family mine from August 1932 to August 1938, without specifying whether his employment was continuous or sporadic, regular or seasonal. These aspects are important, because Rose testified that he began work at age ten and worked on a regular basis. Rose's claim form, however, indicates that he completed the ninth grade--a remarkable if not impossible feat, if Rose spent a good part of his time in the mine. The ALJ is not required to accept evidence relating to the duration of a miner's employment, even if it is uncontradicted. See Wenanski v. Director, Office of Workers' Compensation Programs, 8 Black Lung Rep. 1-487, 1-489 to 90 (1986). Here, the affidavits are contradicted by Rose's own statements that he had worked in coal mine employment for only four years. The ALJ, relying on Rose's statements, properly found that Rose did not qualify for the presumption of total disability.
 
 II.
 
 6
 Rose also claims that he was denied effective assistance of counsel, as provided by the Act and its accompanying regulations. Rose bases his argument on certain perceived inadequacies of the lawyer who represented him at the administrative hearing. These "inadequacies" include: the failure to discover discrepancies in the affidavits and claim forms as to the number of years of Rose's coal mine employment; the failure to rehabilitate Rose after the Director brought out these discrepancies on cross-examination; and the failure to obtain certain records to establish the duration of Rose's coal mine employment. In light of the applicable regulations and case law, we reject Rose's contention that these alleged inadequacies amount to ineffective assistance of counsel.
 
 
 7
 The regulations accompanying the Act provide that each party may appoint an individual to represent him. See 20 C.F.R. Sec. 725.362(a)(1986). Each party to a claim must be allowed to participate fully in any hearing before an ALJ. See 20 C.F.R. Sec. 725.452(a)(1986). Such a hearing is conducted in accordance with the Administrative Procedures Act ("APA"), 5 U.S.C. 554 et seq. (1982). See 20 C.F.R. Sec. 725.452(a). Under the APA, a party "is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such crossexamination as may be required for a full and true disclosure of the facts." 5 U.S.C. Sec. 556(d)(1982).
 
 
 8
 We previously considered the impact of these regulations on an ineffective assistance of counsel claim in Collins v. Director, Office of Workers' Compensation Programs, 795 F.2d 368 (4th Cir. 1986). In Collins, as in this case, the ALJ found that the claimant was not entitled to disability benefits. On appeal, the claimant argued that he did not receive effective assistance of counsel, asserting that his counsel's lack of preparation denied him a full and fair hearing. In rejecting the claimant's contention, we stated:
 
 
 9
 In its simplest formulation, the right to a hearing is a right to a fair opportunity by a claimant to present his case to an impartial judge. When a claimant appears with freely chosen counsel of his own selection and participates in a hearing in which the ALJ properly discharges his duty of impartiality, it is difficult to see how there could be a denial of that right.
 
 
 10
 Id. at 371.
 
 
 11
 This statement applies equally to Rose's case. Rose freely chose his counsel; he does not assert that the ALJ was not impartial. Rose has not shown that his attorney's actions violated the applicable regulations affording him a right to participate fully in the hearing. Most of the actions of which Rose complains, including counsel's failure to discover discrepancies in the evidence and counsel's failure to rehabilitate Rose after cross-examination, fall into the category of tactical decisions or judgment calls. Similarly, the fact that counsel did not obtain records from the United Mine Workers of America or other sources showing the duration of Rose's coal mine employment does not indicate ineffective assistance of counsel. Indeed, it is likely that Rose's experience in the family mine does not even appear in any formal records.
 
 For the foregoing reasons, the judgment is
 
 12
 AFFIRMED.