856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James O. HAGY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3809.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1988.
Decided Aug. 16, 1988.
 
 Frederick Klein Muth (Hensley, Muth, Garton and Hayes on brief) for petitioner.
 Jeffrey Jay Bernstein, Assistant Counsel for Administrative Litigation and Legal Advice (George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Barbara J. Johnson, Counsel for Appellate Litigation, United States Department of Labor on brief) for respondent.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 Facts
 
 1
 The petitioner, James O. Hagy ("Hagy"), worked twenty-five years for the Limestone Dust Corporation delivering bags of limestone dust to various West Virginia coal mine facilities. The dust was used to layer the coal and thus hold down the amount of coal dust in the air. Hagy testified that he spent approximately two to six hours per day unloading the bags of limestone. Although he never actually worked inside a mine, Hagy claimed that he was exposed to coal dust since he unloaded near the drift mouth of the mine.
 
 Disposition Below
 
 2
 On June 19, 1973, Hagy filed a claim for black lung benefits under Part B of the Black Lung Benefits Act (the "Act"), 30 U.S.C. Sec. 901 et seq. (1982). The Administrative Law Judge ("ALJ") denied benefits on grounds that Hagy's delivery of limestone was not integral to the extraction and preparation of coal and that therefore Hagy was not a "miner" for purposes of the Act's entitlement provisions. The Benefits Review Board ("BRB") upheld the ALJ's ruling, and we affirm.
 
 Analysis
 
 3
 We note at the outset our standard of review. We are constrained to follow the BRB's resolution of questions of statutory construction or application of the Act to the particular facts of the case if such resolution is supported by a reasonable factual and legal basis. Amigo Smokeless Coal Co. v. Director, OWCP, 642 F.2d 68, 69 (4th Cir.1981); see also 33 U.S.C. Sec. 921(c) (1982). In passing on the reasonableness of the BRB's decision we must consider, as the BRB did, whether there was substantial evidence to support the decision of the ALJ. Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1188 (4th Cir.1985).
 
 
 4
 The purpose of the Black Lung Benefits Act is to provide compensation to coal miners who are totally disabled due to pneumoconiosis. 30 U.S.C. Sec. 901(a) (1982). The threshold obstacle to Hagy's receiving benefits under the Act has been his failure to prove that he was a "miner" for purposes of the Act's entitlement provisions. The Act itself defines a "miner" as:
 
 
 5
 any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
 
 
 6
 30 U.S.C. Sec. 902(d) (1982).
 
 
 7
 The Fourth Circuit has drawn upon this statutory language in fashioning its own two part "situs-function" test for defining a miner under the Act. Under this test, a miner is one who both (1) works in or around a coal mine or coal preparation facility (the situs requirement); and (2) performs functions involved in the extraction or preparation of coal (the function requirement). Collins v. Director, OWCP, 795 F.2d 368, 371-72 (4th Cir.1986); Eplion v. Director, OWCP, 794 F.2d 935, 937 (4th Cir.1986); Amigo Smokeless Coal Co., supra at 70. Failure to satisfy both prongs precludes finding that a claimant is a miner.
 
 
 8
 It is admitted that Hagy has satisfied the situs requirement since he delivered limestone dust onto railroad cars and into storage buildings within the confines of an active coal mine.[1] The more difficult issue is whether Hagy has satisfied the function requirement.
 
 
 9
 Hagy argues that his delivery of limestone dust was a function that involved the extraction and preparation of coal. The limestone was used, he points out, to hold down coal dust, thereby suppressing instances in which sparks could ignite flash fires in the coal dust. Hagy's own uncontradicted (though uncorroborated) testimony was that he was exposed to coal dust while unloading the limestone.
 
 
 10
 Hagy, however, according to the ALJ, was not involved in extracting or preparing coal because he merely delivered the limestone to the coal mine. He did not spread the dust or even take it out of the bags in which it was delivered. He merely dropped his cargo off and left. As the ALJ stated in his order,
 
 
 11
 The same line of reasoning that connects up the Claimant's delivery of rock dust with the extraction of coal could be applied to the delivery to the on-site office of checks and specie with which to pay the miners, hardware with which to construct the tipple, or personnel to dig the coal.
 
 
 12
 In short, the ALJ found that Hagy's job did not bear a "reasonably direct and tangible" involvement with the mining process. Such a "reasonably direct and tangible" involvement may have existed, the ALJ intimated, if Hagy had himself spread the limestone dust on the coal.
 
 
 13
 Although the question is close, we are not prepared to say that the ALJ's conclusion was error. The test, as stated above, is whether Hagy's delivery of limestone dust was involved in the extraction or preparation of coal. The ALJ concluded that Hagy's work bore no "reasonably direct and tangible" involvement with the extraction or preparation of coal. Use of this standard was appropriate, and the ALJ's application of the facts to this standard was supported by substantial evidence. Hagy therefore fails the function portion of the "situs-function" test for defining a "miner" under the Act. Hagy was simply more of a deliveryman than a coal miner. We accordingly affirm the judgment of the BRB denying benefits.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 A "coal mine" is broadly defined by statute as "an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land ..., used in, or to be used in, or resulting from, the work of extracting in such area ... coal ... and the work of preparing the coal so extracted...." 30 U.S.C. Sec. 802(h)(2) (1982)