883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy E. MITCHEM Petitioner,
v.
OFFICE OF WORKERS COMPENSATION PROGRAM Respondent.
 No. 88-1113.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1989.
Decided Aug. 4, 1989.
 
 Roy E. Mitchem, petitioner pro se.
 Sylvia Theresa Kaser, Michelle Seyman Gerdano, Donald Steven Shire, Lawrence W. Rogers, United States Department of Labor, for respondent.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Former coal miner Roy E. Mitchem petitions for review of the decision and order of the Benefits Review Board (BRB) affirming an administrative law judge's denial of his claim for disability benefits allowable under the Black Lung Benefits Act (as amended), 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 This claim is governed by the provisions of 20 C.F.R. Part 718. Three elements of proof are essential for establishing a claim for benefits under Part 718: (i) that the claimant has pneumoconiosis; (ii) that the disease arose, at least in part, from coal mining employment; and (iii) that the claimant is totally disabled. 20 C.F.R. Secs. 718.201(a) and 718.203(a) (1987). If the miner worked ten or more years in the mines the regulations allow him a presumption that his pneumoconiosis--provided he can establish its existence--arose from his mining employment. 20 C.F.R. Secs. 718.203(b) and 718.302 (1987). If the miner worked fifteen or more years in the mines, he is allowed a presumption that he is totally disabled by the disease. 20 C.F.R. Sec. 718.305(a) (1987).
 
 
 3
 Petitioner worked in the nation's coal mines off and on between 1948 and 1958. Based on records maintained by the Social Security Administration, the administrative law judge credited petitioner with 9 years, 5 1/4 months, coal mine employment. Thus, petitioner had to establish his right to benefits without aid of the presumptions.
 
 
 4
 The administrative law judge (ALJ) found that petitioner established by X-ray evidence the presence of pneumoconiosis and concluded that it arose from his coal mining employment. However, the ALJ determined that petitioner was not totally disabled by the disease; accordingly, he denied the claim for benefits. The BRB affirmed this decision.
 
 
 5
 The regulations provide at 20 C.F.R. Sec. 718.204(c) that total disability may be established by pulmonary function tests (.204(c)(1)), arterial blood-gas tests (.204(c)(2)), proof of cor pulmonale with right-sided congestive heart failure (.204(c)(3)), or, if proof cannot be established by the preceding methods, then by
 
 
 6
 a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, [who] concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in ... [his usual coal mine work or comparable and gainful employment],....
 
 
 7
 20 C.F.R. Sec. 718.204(c)(4) (1987).
 
 
 8
 Petitioner was examined by three physicians: Dr. Rasmussen in 1981; Dr. Ledbetter in 1981; and Dr. Cardona in 1983.
 
 
 9
 Based on clinical tests he performed, Dr. Rasmussen concluded that petitioner's "respiratory functional capacity appears to be only minimally impaired."
 
 
 10
 Dr. Ledbetter diagnosed chronic obstructive lung disease and mild to moderate black lung related to exposure to dust in the course of coal mine employment. In his medical assessment Dr. Ledbetter noted that petitioner suffered shortness of breath on a fast walk of one block, on climbing, on lifting over five pounds, and on carrying five pounds or more one block or more. He also opined that petitioner was not physically able to undergo an arterial blood gas study with exercise.
 
 
 11
 Dr. Cardona diagnosed chronic obstructive pulmonary disease and coal workers' pneumoconiosis; his prognosis was "Poor. This man should never return into the coal mines." Dr. Cardona concluded that
 
 
 12
 Chest X-rays taken of this man on 5-18-83 reveal findings consistent with a partial permanent disability of 40 to 50% most likely caused by occupational pneumoconiosis.
 
 
 13
 The ALJ treated Dr. Cardona's report as completely discredited because of its conflict with the reports of Drs. Rasmussen and Ledbetter and because of the absence of pulmonary function tests, arterial blood gas studies, or other objective materials as required by 20 C.F.R. Sec. 718.204(c). Consequently, the ALJ denied Roy Mitchem's claim for benefits on the basis that he failed to establish total disability as defined by the regulations. The BRB affirmed this decision.
 
 
 14
 Mitchem assigns as error the ALJ's determination that Dr. Cardona's report was discredited and that the BRB erred in affirming that determination.
 
 
 15
 In considering a petition for review of a decision and order of the Benefits Review Board the scope of the Court's review is limited to errors of law, including whether the Board properly reviewed the ALJ's decision. Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68, 69 (4th Cir.1981). The standard of review is whether the BRB's decision is supported by substantial evidence and is in accordance with law. 20 C.F.R. Sec. 802.301 (1987); 33 U.S.C. Sec. 921(b)(3), incorporated into the Act by 30 U.S.C. Sec. 932(a). Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985); Wilson v. Benefits Review Board, 748 F.2d 198, 199-200 (4th Cir.1984). The ALJ's factual findings will be upheld if they are supported by substantial evidence because the ALJ is "in a better position to assess the weight and sufficiency of the evidence than ... this court." Zbosnick, 759 F.2d at 1190 (4th Cir.1985).
 
 
 16
 Our review of the record discloses that the administrative law judge's decision is supported by substantial evidence. The regulations of 20 C.F.R. Sec. 718.204(c) provide explicitly how total disability is to be proved: pulmonary function tests; arterial blood-gas tests; proof of cor pulmonale with right-sided congestive heart failure; or a physician's reasoned medical opinion, based on clinical and laboratory diagnostic techniques. Petitioner's pulmonary function tests and arterial blood-gas tests produced non-qualifying results. There was no report in the record of cor pulmonale with right-sided congestive heart failure. Dr. Cardona's examination of petitioner did not include--hence, his opinion lacked--supporting objective medical tests or studies or other clinical bases. His opinion was wholly conclusory and the ALJ did not err in deeming it discredited.
 
 
 17
 Petitioner also asserts that his counsel was ineffective before the BRB.* However, he fails to cite any specific failing on the part of counsel. This Court considered claims of ineffective assistance of counsel in Collins v. Director of Workers' Compensation Programs, 795 F.2d 368 (4th Cir.1986):
 
 
 18
 In its simplest formulation, the right to a hearing is a right to a fair opportunity by a claimant to present his case to an impartial judge. When a claimant appears with freely chosen counsel of his own selection and participates in a hearing in which the ALJ properly discharges his duty of impartiality, it is difficult to see how there could be a denial of that right.
 
 
 19
 Id. at 371.
 
 
 20
 This statement is equally applicable to Roy Mitchem's case. He freely chose his counsel; he does not assert that the ALJ was less than impartial; he does not show that his counsel's actions violated the applicable regulations affording him a right to participate in the proceedings. Consequently, we deem this issue as wholly unsubstantiated.
 
 
 21
 We have reviewed the entire record and have concluded that it is in accordance with law and is supported by substantial evidence that Roy E. Mitchem has failed to prove that he is totally disabled by pneumoconiosis. Accordingly, the decision and order of the Benefits Review Board affirming the administrative law judge's denial of his application for black lung disability benefits is affirmed. We find that the facts and legal arguments are adequately presented in the parties' briefs and the record and that the decisional process would not be significantly aided by oral argument; consequently, we dispense with oral argument pursuant to Fed.R.App. P. 34(a) and Loc.R. 34(a).
 
 
 22
 AFFIRMED.
 
 
 
 *
 Petitioner's counsel before the BRB was not the same counsel who represented him before the ALJ. Petitioner is proceeding pro se before this Court