887 F.2d 1080
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Junior D. MARLOWE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR; Sewell Coal Company,
Respondents.
 No. 89-2030.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 10, 1989.
Decided: Sept. 21, 1989.
 
 Junior D. Marlowe, appellant pro se.
 Richard Zorn, Michael John Denney (United States Department of Labor), Douglas Allan Smoot (Jackson & Kelly), for appellees.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Junior D. Marlowe sought benefits on a claim filed April 10, 1984 pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. (the Act). The administrative law judge (ALJ) found that Marlowe failed to establish the existence of pneumoconiosis or total disability under Part 718, and therefore denied benefits. The Benefits Review Board (Board) affirmed the ALJ's finding that Marlowe failed to prove the existence of pneumoconiosis, but did not address the ALJ's finding of no total disability. We vacate the decision and order of the Board, and remand the case to the Board for further proceedings consistent with this opinion.
 
 
 2
 Because Marlowe filed his claim for benefits after March 31, 1980, 20 CFR Part 718 is applicable to the claim. See 20 CFR Sec. 718.2. Under Part 718, Marlowe has the burden of establishing that he has pneumoconiosis that is totally disabling and arose out of coal mine employment. See 20 CFR Secs. 718.202, 718.203, 718.204.
 
 
 3
 Inasmuch as the record does not contain any qualifying x-rays, the ALJ's finding that the x-ray evidence was insufficient to establish the existence of pneumoconiosis was proper.[1]
 
 
 4
 The record does not contain biopsy evidence to establish the presence of pneumoconiosis under 20 CFR Sec. 718.202(a)(2). Since this claim was filed after January 1, 1982, 20 CFR Sec. 718.305 is not applicable. See Sec. 718.305(e). Moreover, there is no evidence of the existence of complicated pneumoconiosis under 20 CFR Sec. 718.304, and 20 CFR Sec. 718.306 is not applicable in this living miner's claim.
 
 
 5
 The ALJ properly credited Dr. Pickerell's opinion of no evidence of pneumoconiosis over the opinions of Drs. Groves and Olson that diagnosed pneumoconiosis. Further, neither Dr. Zaldivar nor Dr. Rasmussen found evidence of pneumoconiosis. In federal black lung claims the ALJ is empowered to make credibility determinations and to weigh the evidence presented. United States Steel Corp. v. Bridges, 582 F.2d 7 (5th Cir.1978). The ALJ's reliance on Dr. Pickerell's opinion based on his extensive qualifications was rational and supported by substantial evidence. See Zbosnick v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985).
 
 
 6
 Although the ALJ properly weighed the x-ray evidence and physicians' opinions, he erred in failing to discuss the finding of advanced pneumoconiosis made by the Occupational Pneumoconiosis Board of West Virginia. Statements or decisions of agencies about the existence of a miner's disability are admissible, and should be considered and given the weight to which they are entitled by the adjudication officer in the claim. See 20 CFR Sec. 718.206. An adjudication officer is defined in the regulations as persons authorized to accept evidence and decide claims, and includes deputy commissioners, and administrative law judges. See 20 CFR Sec. 725.350.
 
 
 7
 The ALJ's opinion was deficient because he failed to discuss all the medical evidence. It is the ALJ's duty to consider all the evidence and make findings of fact and conclusions of law which adequately set forth the factual and legal basis for his decision. See Volpe v. Northeast Marine Terminals, 671 F.2d 697, 701 (2d Cir.1982). When the ALJ does not make the necessary findings, the proper course for the Board is to remand the case to the ALJ rather than attempt to fill in the gaps in the ALJ's opinion. Director, OWCP v. Rowe, 710 F.2d 251 (6th Cir.1983). The Board found the ALJ's error harmless because it held it was clear the ALJ would rely on Dr. Pickerell's opinion based on his qualifications, rather than the unknown qualifications of the doctors who comprised the state board. We hold that the Board exceeded its scope of review by engaging in the initial consideration of evidence which is the responsibility of the ALJ. See Zbosnick, supra.
 
 
 8
 Accordingly, we remand for consideration of the state board's findings as well as reweighing all the evidence in the case relative to the existence of pneumoconiosis and total disability due to pneumoconiosis.[2] On remand to the ALJ, the parties may introduce additional relevant evidence if they be so advised. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 Marlowe contends on appeal, as he did before the Board, that a 1984 reading by Dr. Goerlich was positive. However, the report was apparently not introduced into evidence. This Court cannot consider evidence not introduced below and not in the record. Marlowe's contention that his attorney's failure to introduce the reading deprived him of his right to an adequate hearing is without merit. The failure to introduce one x-ray reading alone does not constitute inadequate representation. See generally Collins v. Director, OWCP, 795 F.2d 368 (4th Cir.1986)
 
 
 [2]
 Marlowe's contention on appeal that the ALJ erred in not considering a May 1, 1984 pulmonary function study is without merit. It is clear that the ALJ considered it, but discredited it due to Dr. Graziano's opinion that it was invalid due to insufficient effort