**John B. WILLIS, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 11100.**

United States Court of Appeals Fourth Circuit.

Argued April 7, 1967.

Decided May 2, 1967.

Birg E. Sergent, Pennington Gap, Va., and Glen M. Williams, Jonesville, Va. (William C. Fugate, Jonesville, Va., on brief), for appellant.

William C. Breckinridge, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Review is sought of an order of the district court affirming the Secretary's denial of disability insurance benefits in the case of a now forty-seven year old male, having a second grade education and a past work history of farming and operating a weaving machine in a mill in Danville, Virginia. Claimant asserted that from September, 1959 he was disabled from engaging in any substantial gainful activity because of a stomach ulcer and headaches. Because claimant lost his insured status after December 31, 1962, whether he was disabled on that date was the crucial question. The Secretary found he was not, and the district court affirmed. We affirm the district court.

We have examined the record on which the Secretary based his decision. It appears that claimant's first complaint of stomach pain occurred October 29, 1959. As a result of examination, the presence of a duodenal ulcer was established and claimant was put on medication. He im-

sion clearly negates any covenant generally implied by the law which is to the contrary.

proved and, by December 21, 1959, he had gained 3½ pounds. A second gastrointestinal x-ray series on February 10, 1960 still disclosed the presence of the ulcer, but comparison of them with those made in October, 1959 showed marked improvement. Claimant, thereafter, sought no medical advice or treatment until after April 11, 1963, when he filed a claim for disability benefits.

The post-claim physical examinations confirm the presence of the ulcer. They show variously that claimant should avoid heavy, manual labor and that claimant should have further tests and possibly an operation. The physician who suggested the operation was of the view that until operated on, claimant was "totally disabled;" another, after confirming the presence of an active ulcer, recommended that claimant be "referred back to his physician for appropriate studies and therapy." Another flatly stated that claimant was disabled and would be continually disabled, even if operated on, but this opinion was as of August, 1965.

Two post-claim psychiatric examinations were made of claimant. While claimant was found to be in the mental defective range of intelligence, he was found to be "functioning in the moderate range of psychiatric disability," and "somewhat invalided in the past by his emotional difficulty." The second examiner found mental retardation, complaints of psychophysiological reaction, gastrointestinal type and a passive, dependent and inadequate personality. He stated, "I could not say that these symptoms in themselves would restrict his activities or support his symptomatology, but they would definitely limit his possibility of meeting his needs." This examiner found interesting the fact "that the onset of his psychophysiological reaction and the beginning of the end of his work period coincide almost with the birth of his only child."

The record also contains the testimony of claimant and his wife and others concerning his subjective complaints, his age, educational and vocational background.

Considering all aspects of the record pertinent to a case of this type, as set forth in Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962), and Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1963), we conclude that the Secretary's determination that claimant was not shown to have been unable to engage in any substantial gainful activity on December 31, 1962 was not lacking in substantial evidentiary support. It follows that the Secretary's findings and conclusions should not be disturbed. 42 U.S.C.A. § 405(g).

Affirmed.