**Norma Jean HEVENER, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare, Defendant.**

**No. 68–C–18–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

June 22, 1970.

Gordon W. Poindexter, Jr., Waynesboro, Va., for plaintiff.

Leigh B. Hanes, Jr., U. S. Atty., Roanoke, Va., for defendant.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This action is commenced pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare. The original hearing examiner's decision, rendered on May 16, 1968, found that the claimant, Norma Jean Hevener, was not entitled to a period of disability or disability in-

surance benefits based on her application of August 25, 1967. The Appeals Council denied plaintiff's request for review on July 2, 1968. By order dated March 24, 1969, this court remanded the case to the Secretary of Health, Education and Welfare for the purpose of presenting additional and material evidence. Following the introduction of this additional evidence, the hearing examiner on September 23, 1969, found the claimant was not entitled to a period of disability or disability insurance. On December 19, 1969, the Appeals Council adopted the decision of the hearing examiner. The decision has become "final" within the meaning of § 205(g) of the Social Security Act.

The claimant asserts that because of bi-lateral deafness and a hernia she is disabled within the meaning of the Social Security Act. The record discloses the following facts concerning these defects:

The claimant was born on June 23, 1924. She graduated from high school in 1943. The summer before graduation she worked in a cannery cutting the bad spots out of peaches. In the spring of 1943 she was employed for approximately three weeks by a poultry plant to take the feathers off chickens. Following graduation she worked for a year as a part-time dishwasher and waitress at the Famous Restaurant in Harrisonburg. From 1943 through October, 1949, she was employed as a doffer at the Stelhi Silk Mill. She was laid off due to a work shortage. For approximately 14 months between 1950–1952, she worked as a domestic. From sometime in 1952 through September, 1966, she was unemployed. She was employed from September 8, 1966–November 22, 1966, by the Sancar Corporation operating a sewing machine. Due to a work shortage she was laid off.

The following medical evidence has been introduced in this case:

Dr. J. C. Harshbarger by report dated June 19, 1969, stated that he recalls having taped the claimant at different times for the umbilical hernia to aid her in her work and in carrying her pregnancies to maturity.

Dr. Clement S. Armentrout, a general surgeon in obstetrics and gynecology, reports examining the claimant on January 5, 1953, concerning a navel rupture. She was scheduled for further consultation on February 9, 1953, but failed to return for this appointment. He again saw the claimant on September 13, 1954, after being referred by Dr. George M. Nipe, Sr. At the time the claimant was pregnant and Dr. Armentrout advised her to repair the umbilical hernia and be sterilized after delivery. This was the last contact he had with the claimant.

Dr. George M. Nipe, an obstetrician and gynecologist, reports examining the claimant on April 9, 1954. She complained of irregular bleeding from the vagina for the past several years and his impression was that she had a small umbilical hernia. On April 30, 1954, he performed a cauterization of her cervix. On June 12, 1954, his examination found the cervix much improved and he noted that several small cysts should be cauterized on the next visit—this he performed on July 9, 1954.

Dr. Richard Bell, a general surgeon, examined the claimant on April 18, 1956. He found that she had a large umbilical hernia which his records indicate was subsequently repaired in 1956 by Dr. John Todd.

On April 30, 1968, Dr. John Todd made the following report:

Norma Jean Hevener underwent total abdominal hysterectomy & bilateral salpingo-oophorectomy for carcinoma in situ of the cervix on 4–30–64. She has completely recovered from [this] surgery.

I examined the patient in November 1967 because of back pain. X rays revealed degenerative changes at D 5–D12 & L1. It was my impression that she had osteoarthritis of the spine and chronic low back strain. She was treated with analgesics, heat etc and

advised to see an orthopedist or her family doctor if the pain persisted.

In a further report received in June, 1969, Dr. Todd indicates that he knows of no reason why the claimant cannot work.

Dr. Boyd H. Payne reports examining the claimant on January 17, 1957 for cystitis. On November 20, 1962, he reports examining her for pain in the epigastric area. Urine tests on April 4, 1966, and June 24, 1966, were negative.

Out-patient reports from the University of Virginia Hospital show that the claimant was seen on a number of occasions. On January 9, 1964, she complained that "her womb [was] falling out." Physical examination did not reveal anything. On the same date she was examined by the ENT clinic for hearing difficulty. Examination showed both ear drums intact, no lateralization and her air conduction greater than bone conduction in both ears. The impression was "possible tone deafness."

On July 22, 1959, Dr. Howard T. Holden, a specialist in otolaryngology and ophthamology, made the following notations:

Complains of impaired hearing all her life. An audiogram showed moderate loss of hearing for which a hearing aid was suggested.

Dr. Holden examined claimant on April 24, 1964 and June 29, 1967, for throat trouble. In a report dated September 25, 1967, Dr. Holden makes the following statement:

I have not found any cause for disability in my examinations of her eyes, ears, nose or throat.

■ Under § 405(g) this court may not disturb the findings of the Secretary if they are supported by substantial evidence. Willis v. Gardner, 377 F.2d 533 (4th Cir.1967); Underwood v. Ribicoff, 298 F.2d 850 (4th Cir.1962). Substantial evidence, while more than a scintilla, is less than a preponderance. Large v. Cohen, 296 F.Supp. 255 (W.D. Va.1969). The claimant has the burden of establishing her disability as of the date she last met the earning requirements—here June 30, 1954. Carter v. Celebrezze, 367 F.2d 382 (4th Cir.1966); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir.1964). Impairments which arise or become disabling after the earning requirements were last met cannot be the basis for a finding of disability. Taylor v. Ribicoff, 204 F.Supp. 144 (S.D.W.Va. 1962). Review of the record discloses substantial evidence to support the decision of the Secretary.

■ As to the umbilical hernia, claimant did not adequately demonstrate that the hernia was disabling within the meaning of 42 U.S.C. § 423(d). The various doctors' reports indicate the existence of the hernia prior to June 30, 1954, but neither the doctors' reports nor other evidence indicate that this condition prevented the claimant from engaging in "substantial gainful activity." Further, an impairment which can reasonably be remedied cannot serve as a basis for finding disability. Stillwell v. Cohen, 411 F.2d 574 (5th Cir.1969). The record indicates that this condition was in fact remedied by surgery.

In regard to the hearing disability claim, there is also substantial, if not overwhelming, evidence that the claimant was not thereby disabled on or before June 30, 1954. Claimant states that her hearing deteriorated over the years. However, as late as July 22, 1959, a specialist could find only a moderate loss of hearing for which a hearing aid was prescribed. Although claimant alleges that to hear someone speak she must read their lips, the record discloses that on four separate occasions she carried on telephone conversations with persons employed in the Social Security District Office.

For the foregoing reasons, the motion for summary judgment filed on behalf of the Secretary is granted, and plaintiff's claim is dismissed.

The clerk is directed to send a certified copy of this summary judgment to counsel of record.