Clyde A. JOHNSON, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 73–268–CH.

United States District Court, S. D. West Virginia, Charleston Division.

May 2, 1974.

Toney E. Cline, Charleston, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) and Section 413(b) of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C.A. § 923(b), to review a final decision of the Secretary of Health, Education and Welfare, which denied plaintiff's application for Black Lung benefits. This action is pending upon motions for summary judgment filed by both plaintiff and defendant pursuant to Rule 56(b), Federal Rules of Civil Procedure.

Plaintiff herein filed an application for benefits under the Federal Coal Mine Health and Safety Act of 1969 on April 1, 1971, alleging inability to work because of pneumoconiosis. On April 25, 1973, the Administrative Law Judge held that plaintiff was not entitled to benefits because he did not meet the definition "coal miner" as required by the Act. The Appeals Council affirmed the findings of the Hearing Examiner in a letter dated July 20, 1973. The plaintiff filed this action on September 13, 1973, seeking a review and reversal of the aforesaid decision.

The sole question before the Court for determination of this action is whether the Secretary's decision is supported by substantial evidence. That decision was based upon the Secretary's conclusion that plaintiff, while found to have the ailment complained of, was not entitled to black lung benefits because he never had an employer-employee relationship with any coal mine owner or operator and never was a coal miner in any of the nation's coal mines. Accordingly, it was the Secretary's decision that his pneumoconiosis did not arise out of coal mine employment. It is plaintiff's contention that the statute for black lung benefits is a remedial statute and therefore claimant is entitled to a liberal interpretation of the facts and the law.

Plaintiff worked for the Barium Reduction Corporation, a chemical plant which used coal mixed with other ores to produce its products. He was a member of the United Mine Workers Union, known as District 50. The chemical plant owned its own coal mine and the coal was mixed and shipped to the plant in South Charleston where plaintiff was employed. There, it was dried and pulverized to mix with other ores and then fed into the plant. Plaintiff operated a crusher which fed the pulverized coal into a conveyor belt that carried the coal through an underground tunnel into the plant.

In determining whether plaintiff's employment, as hereinbefore described, comes within the coverage of the Black Lung Act, an interpretation of the following provisions is necessary:

*20 CFR § 410.201 Conditions of entitlement; miner.*

An individual is entitled to benefits if such individual:

(a) Is a miner (see § 410.110(j); and

(b) Is totally disabled due to pneumoconiosis (see Subpart D of this part); and

(c) Has filed a claim for benefits in accordance with the provisions of §§ 410.220–410.234.

*20 CFR § 410.110 General definitions and use of terms.*

For purposes of this part, except where the context clearly indicates otherwise, the following definitions apply:

\*　　\*　　\*　　\*　　\*　　\*

(h) "Coal mine" means an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from, the work of extracting in such area bituminous coal, lignite, or anthracite from its natural deposits in the earth by any means or method, *and the work of preparing the coal so extract-*

*ed,* and includes custom coal preparation facilities. (Emphasis supplied)

\* \* \* \* \* \*

(j) "Miner" or "coal miner" means any individual who is working or has worked as an employee in a coal mine, performing functions in extracting the coal or preparing the coal so extracted.

\* \* \* \* \* \*

*20 CFR § 410.214 "Total disability" defined.*

(a) A miner shall be considered totally disabled due to pneumoconiosis if:

(1) His pneumoconiosis prevents him from engaging in gainful work in the immediate area of his residence requiring the skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity and over a substantial period of time (that is, "comparable and gainful work"; see §§ 410.424–410.426) and

(2) His impairment can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than 12 months.

\* \* \* \* \* \*

The Court having reviewed the evidence, concludes the Secretary's decision is supported by substantial evidence. Plaintiff's respiratory ailment was caused by his exposure to silicon-dioxide while working at a chemical plant where coal dust was a factor in processing. This work was separate and apart from actual coal mine work. While the chemical plant may own coal mines, plaintiff never went into any of these mines. As hereinbefore noted, he worked as a crusher operator at the chemical plant shovelling both ore and coal into a crusher, crushing it and then sending it over a conveyor into the mill. He also unloaded three or so carloads of bug dust coal a week which was brought into the plant in the Virginia Railroad cars. He had this employment for approximately 30 years.

 While there is no question that plaintiff worked in an atmosphere which was filled with coal dust, the work he performed was not the preparation of coal, as contemplated by the applicable law and regulations. "Preparation of coal" relates to the preparation of coal brought out of the mine prior to its shipment and use in related commercial facilities. In the instant case, plaintiff did not prepare coal after extraction from the mine in order to ship it to a commercial user. He was, in fact, the employee of a commercial user. His job was preparation of the coal for peculiar use of his employer, Barium Reduction Corporation.

 In any event, one of the requirements in addition to performing work of preparation of extracted coal was that the individual claiming black lung benefits be an employee of a coal mine. 30 U.S.C. § 902(d); 20 CFR § 410.110(j). Barium Reduction Corporation, plaintiff's employer, is a plant which produces chemicals. It is not under the broadest interpretation of the word a coal mine. Accordingly, while the Court sympathizes with plaintiff, it does not believe that plaintiff has demonstrated himself to be an employee covered by the Black Lung Benefits Act of 1972. It is for the Congress to establish the limits of coverage and to correct any existing inequities in the Act.

 Inasmuch as there is substantial evidence to support the decision of the Secretary, his decision must be upheld. Willis v. Gardner, 377 F.2d 533 (4th Cir. 1967).

In accordance with the foregoing, it is hereby ordered and adjudged that defendant's motion for summary judgment be and the same is hereby granted.

All matters in this case in this court being concluded, the action shall be dismissed and retired from the docket.