**Robert SEXTON, Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education, and Welfare, Appellee.**

**No. 76–1126.**

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1976.

Decided June 10, 1976.

Robert T. Winston, Norton, Va., for appellant.

William Reinhart, Asst. Regional Atty. (Stephanie W. Naidoff, Regional Atty., Region III, Office of Gen. Counsel, Dept. of Health, Education and Welfare, Paul R.

Thomson, Jr., U. S. Atty., and E. Montgomery Tucker, Roanoke, Va., Asst. U. S. Atty., on brief), for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and WYZANSKI, Senior District Judge.*

PER CURIAM:

Robert Sexton, concededly suffering from pneumoconiosis, appeals from a judgment of the district court that he is not entitled to the black lung benefits provided by the 1972 Amendments to the Federal Coal Mine Health and Safety Act.** The Secretary found, and the district court agreed, that the Act did not afford coverage to a person engaged in manufacturing coke, even though his job exposed him to coal dust and his employer was a mining company. We affirm on this aspect of Sexton's claim but remand the case for further proceedings concerning other work Sexton did.

■ The 1972 Amendments provide benefits to a miner who is disabled by pneumoconiosis as a result of extracting or preparing coal. 30 U.S.C. §§ 901 et seq. The Secretary ruled that Sexton's job of making coke was not related to the extraction or preparation of coal. His duties, the Appeals Council wrote, "were associated with the utilization of the coal for some separate industrial process *after* it had been extracted and prepared by the coal mine operation."

Obviously, Sexton was not employed in extracting coal. Whether he was engaged in preparation of coal is a closer question. The 1972 Amendments do not describe the work included in preparing coal. The 1969 Act, however, contains a definition which we believe is applicable. There, "work of preparing the coal" is defined as "the breaking, crushing, sizing, cleaning, washing, drying, mixing, storing, and loading of bituminous coal, lignite, or anthracite, and such other work of preparing such coal as is usually done by the operator of the coal mine." 30 U.S.C. § 802(i). Sexton's job of putting coal in the coke ovens, leveling the coal within the oven, pulling the coke from the oven, and shoveling the finished coke for shipment cannot be classified as the preparation of coal as defined by the Act. We therefore conclude that Sexton's work at the coke ovens does not qualify him for benefits. *Cf. Johnson v. Weinberger*, 389 F.Supp. 1296 (S.D.W.Va.1974).

■ The record also discloses that Sexton performed other work for the coal company. One of his jobs was to shovel coal from the tipple into a lorry. This falls within the statutory definition of the work of preparing coal which we have quoted. *See* 30 U.S.C. § 802(i). It is of no consequence that the loaded coal was destined for the coke ovens. The danger of inhaling coal dust is neither lessened nor aggravated by the ultimate use of the coal. Since loading coal at a coal mine is considered a part of preparing coal, we perceive no sound reason for excluding the loading of coal at a mine simply because it is to be hauled to a coke oven. Accordingly, while we agree that Sexton's work of manufacturing coke did not qualify him for benefits, we vacate the judgment and direct the district court to remand the case to the Secretary so that he may determine whether there is a causal relationship between Sexton's work of loading coal at the mine and his disability.

* Senior District Judge, United States District Court for the District of Massachusetts, sitting by designation.

** Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 801 et seq., as amended by the Black Lung Benefits Act of 1972, 30 U.S.C. §§ 901 et seq. *See also* 20 C.F.R. Part 410.