Cornelius FOREMAN,
Petitioner-Appellant,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNIT-
ED STATES DEPARTMENT OF LA-
BOR, Respondent-Appellee.

No. 85–7503.

United States Court of Appeals,
Eleventh Circuit.

May 8, 1986.

Ozell Billingsley, Jr., Robert Shannon Pa-
den, Paden, Green, Paden & Birona, Bes-
semer, Ala., for petitioner-appellant.

Michael J. Denney, Office of the Solici-
tor, Washington, D.C., J. Michael O'Neill,
Washington, D.C., for respondent-appellee.

Before HILL and CLARK, Circuit
Judges, and HENDERSON, Senior Circuit
Judge.

HENDERSON, Senior Circuit Judge:

Cornelius Foreman appeals the determi-
nation of the Benefits Review Board
(Board) that he is not entitled to disability
benefits under the Black Lung Benefits
Act (Act), 30 U.S.C. § 901 *et seq.* We
affirm the decision of the Board.

From 1941 to 1954 Foreman was em-
ployed as a boiler room fireman by Tennes-
see Coal & Iron (TCI). TCI, a division of
United States Steel Corp., is an integrated
steel producer that utilizes coal and other
raw materials produced from its own
mines. Foreman worked at a power plant
that served one of TCI's ore mines. His
duties required that he maintain the plant's
boilers and prepare and shovel coal into the
boilers. Coal dust was delivered to the
plant by railway car from a TCI coal mine.
Foreman carted the dust to the boiler
room, wet it down, and shoveled it into the
boiler.

In 1975 Foreman filed a claim with the
Department of Labor (Department) seeking
pneumoconiosis (black lung) disability bene-
fits. The Department denied this claim on
November 20, 1975. In 1979 the Depart-
ment reconsidered Foreman's claim under
recent amendments to the Act, *see* 30
U.S.C. § 945, and reaffirmed the denial of

benefits. Foreman then pursued an administrative appeal. An Administrative Law Judge (ALJ) conducted a full hearing and, on June 8, 1981, found that Foreman was not entitled to benefits because he was not a qualifying miner within the meaning of the Act. The ALJ did not consider the extent or nature of Foreman's disability because Foreman failed to satisfy this threshold requirement for pneumoconiosis benefits. Foreman appealed to the Board, citing additional evidence relating to his job duties. The Board dismissed the appeal and instructed Foreman to present his new evidence to the ALJ on a petition for reconsideration. Foreman requested reconsideration, but the ALJ ratified its prior ruling on July 29, 1982. The Board affirmed the ALJ's decision on May 28, 1985, finding that it was supported by substantial evidence. Foreman now appeals the Board's decision to this court.

The nature of our review in this case is limited in scope. The Board is required to uphold the ALJ's decision if it is in accordance with the law and supported by substantial evidence from the entire record. *See* 30 U.S.C. § 932(a); 33 U.S.C. § 921(b)(3); 20 C.F.R. § 802.301 (1985). This court, in turn, need only determine whether the Board properly exercised its standard of review. *See Alabama By-Products Corp. v. Killingsworth,* 733 F.2d 1511, 1515 (11th Cir.1984); *Amigo Smokeless Coal Co. v. Director, OWCP,* 642 F.2d 68, 69 (4th Cir.1981).

The Act provides pneumoconiosis benefits only to disabled coal miners and their dependents. The Act, as amended, defines a coal miner as follows:

> The term 'miner' means any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such

individual was exposed to coal dust as a result of such employment.

30 U.S.C. § 902(d). *See also* 20 C.F.R. § 725.101(a)(26), 725.202(a) (1985). The Act further defines coal preparation as the "breaking, crushing, sizing, cleaning, washing, drying, mixing, storing, and loading of bituminous coal, lignite, or anthracite, and such other work of preparing such coal as is usually done by the operator of the coal mine." 30 U.S.C. § 802(i). *See also* 20 C.F.R. § 725.101(a)(25) (1985). A coal mine is described as

> an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from, the work of extracting in such area bituminous coal, lignite, or anthracite from its natural deposits in the earth by any means or method, and the work of preparing the coal so extracted, and includes custom coal preparation facilities.

30 U.S.C. § 802(h)(2). *See also* 20 C.F.R. § 725.101(a)(23) (1985). Foreman contends that he was engaged in coal preparation within the meaning of the Act. The ALJ rejected this argument, finding that Foreman was employed by a consumer of coal rather than a producer of coal. As such, he was not a miner and did not qualify for benefits under the Act.

In making the determination of who is a qualifying miner under the Act, courts have established a two-part test. The applicant must show (1) that he was employed at a statutorily defined coal mine situs and (2) that he performed duties related to the extraction and preparation of coal. *See Wisor v. Director, OWCP,* 748 F.2d 176, 178 (3d Cir.1984); *Amigo Smokeless Coal Co. v. Director, OWCP,* 642 F.2d 68, 70 (4th Cir.1981); *Freeman v. Califano,* 600 F.2d 1057, 1059–60 (5th Cir.1979).[1] The

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Cir-

cuit Court of Appeals decided prior to October 1, 1981.

second part of this test is the focus of our inquiry here.

As stated earlier, the ALJ found that Foreman was not engaged in the extraction and preparation of coal within the meaning of the Act since he was employed by a coal consumer. We agree. Although courts regularly award benefits to workers employed at a coal mine and whose duties are incidental to the actual mining of coal, *see, e.g., Hon v. Director, OWCP*, 699 F.2d 441, 444 (8th Cir.1983) (mine blacksmith); *Amigo Smokeless Coal Co. v. Director, OWCP*, 642 F.2d 68 (4th Cir.1981) (mine laboratory technician); *Freeman v. Califano*, 600 F.2d 1057 (5th Cir.1979) (surface coal handler); *Adelsberger v. Mathews*, 543 F.2d 82 (7th Cir.1976) (per curiam) (mine clerical worker); *Roberts v. Weinberger*, 527 F.2d 600 (4th Cir.1975) (mine truckdriver); *Skipper v. Mathews*, 448 F.Supp. 300 (M.D.Pa. 1977) (mine mechanic), they have denied benefits to those who work with coal once it has been processed by the mine and shipped to consumers.

In *Southard v. Director, OWCP*, 732 F.2d 66 (6th Cir.1984), the Sixth Circuit Court of Appeals found that an employee of a commercial coal yard who loaded coal from railway cars onto trucks for shipment to residential consumers did not qualify as a miner. The court disagreed with the applicant's argument that his tasks included preparation of coal because "[p]reparation of coal occurs precedent to its retail distribution and consumption." *Id.* at 69. Similarly, the Fourth Circuit Court of Appeals, in *Sexton v. Mathews*, 538 F.2d 88 (4th Cir.1976) (per curiam), concluded that a worker exposed to coal dust at a coke oven did not qualify as a miner even though his employer also mined coal. "Sexton's job of putting coal in the coke ovens, leveling the coal within the oven, pulling the coke from the oven, and shoveling the finished coke for shipment cannot be classified as the preparation of coal as defined by the Act." *Id.* at 89.

One of the earliest cases to consider this issue was *Johnson v. Weinberger*, 389 F.Supp. 1296 (S.D.W.Va.1974). In that case, the employee operated a coal crusher at his employer's chemical plant. The plant used coal from mines owned by the employer. The court found that the employee was not a miner engaged in the preparation of coal because he "did not prepare coal after extraction from the mine in order to ship it to a commercial user." *Id.* at 1298. Rather, he was "the employee of a commercial user". *Id.* Consequently, he could not claim benefits under the Act.

■ We believe that a like result should obtain in the case at bar. Foreman was employed as a coal handler by a consumer of coal. All of his tasks related to the consumption of coal at an ore mine power plant. As such, he was not a miner engaged in the preparation of coal. Foreman cites newspaper articles and other documentary evidence that during his period of employment TCI had transferred some coal preparation tasks from its coal mines to the operations that consumed coal because of the World War II manpower shortage. These unusual circumstances, he claims, justify the conclusion that his activities constituted coal preparation within the meaning of the Act.

We cannot agree with this rationale. Although we are aware of no requirement that coal be prepared on the mine site, *see Southard v. Director, OWCP*, 732 F.2d at 69, the record shows that the coal used at the power plant boilers had been processed prior to delivery. The plant received only coal dust, indicating that the raw coal from TCI's mines had been sifted and sorted prior to delivery. Although further processing may have been required to satisfy the particular needs of the power plant, such as wetting the dust, this work does not fall within the parameters of the Act. It is clear that substantial evidence supports the ALJ's determination that Foreman was not engaged in the preparation of coal within the meaning of the Act. Having so found, we need not address whether Foreman's place of employment constituted a coal mine situs.

The decision of the Benefits Review Board is AFFIRMED.