826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Everett CRUICKSHANKS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3517.
 United States Court of Appeals, Fourth Circuit.
 Argued July 7, 1987.
Decided Aug. 7, 1987.
 
 Wayne King, for petitioner;
 Michael John Denney, Assistant Counsel for Benefit Programs, United States Department of Labor, Office of the Solicitor (George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation; Thomas L. Holzman, Assistant Counsel for Appellate Litigation, on brief), for respondent.
 Before CHAPMAN, and WILKINS, Circuit Judges, and HENDERSON, United States District Judge, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Everett Cruickshanks, appeals the decision of the Benefits Review Board (BRB) affirming the ruling by the Administrative Law Judge (ALJ) that Cruickshanks was not engaged in qualifying coal mine employment for the two year period in which he was self-employed hauling coal from the mine to the tipple. Appellee, the Director of the Office of Workers' Compensation Programs of the United States Department of Labor (OWCP) agrees, yet the BRB denied the motion to remand the case for reevaluation. Based upon Roberts v. Weinberger, 527 F.2d 600 (4th Cir.1975), we hold that the operator of a truck hauling coal from the immediate site of its extraction at a mine to a tipple where it is loaded onto railroad cars for further shipment is engaged in qualifying coal mine employment for the purposes of the interim presumption available at 20 C.F.R. Sec. 727.203(a), and thus we reverse the BRB's decision.
 
 
 2
 Cruickshanks brought this claim pursuant to the Black Lung Benefits Act, 30 U.S.C.A. Sec. 901 et seq. (1986). Eventually, an ALJ found that Cruickshanks did not qualify for the interim presumption available under 20 C.F.R. Sec. 727.203(a) because he was employed in coal mines for only eight and one-quarter years rather than the ten years required for application of the interim presumption. The ALJ specifically refused to include a period of time from 1975 through 1976 when appellant was self-employed, hauling coal from the mine of the Five Block Coal Company to the tipple. Cruickshanks' claim was then evaluated and denied under the more restrictive regulations located at 20 C.F.R. Sec. 410.401 et seq.
 
 
 3
 Cruickshanks appealed the decision of the ALJ to the BRB. Prior to the review of the decision by the BRB, the Director of OWCP reevaluated his position regarding Cruickshanks' employment history. The Director concluded that under this court's decision in Roberts v. Weinberger it had erred in contesting Cruickshanks' time of employment. The Director filed a motion with the BRB to remand the case to the ALJ for additional findings under the appropriate regulatory section. The BRB refused to grant this motion and affirmed the decision of the ALJ.
 
 
 4
 In Roberts v. Weinberger, we held that a claimant employed as a truck operator, hauling coal from the immediate site of its extraction in a strip mine to the tipple where it was processed, graded and loaded onto railroad cars for further shipment was engaged in qualifying coal mine employment within the meaning of the act and was a "miner" within the meaning of the administrative regulation. Roberts 527 F.2d at 602. Similarly, in Sexton v. Mathews, 538 F.2d 88, 89 (4th Cir.1976), we held that because loading coal at the tipple into a lorry is considered a part of preparing coal, there is no sound reason for excluding this activity from the definition of coal mine employment.
 
 
 5
 These two decisions make it clear that appellant was engaged in coal mine employment within the meaning of the regulations for the two years he was driving his truck from the mine to the tipple. The Director agrees that this result is required by Roberts and Sexton. For the foregoing reasons, the decision of the BRB is reversed and this case is remanded for further proceedings consistent with this opinion.
 
 
 6
 REVERSED AND REMANDED.