842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
WEST VIRGINIA WORKERS' COMPENSATION COAL-WORKERS'
PNEUMOCONIOSIS FUND; Henry J. Lambert, Respondents.
 No. 86-1222.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 8, 1988.
 
 George R. Salem, Solicitor of Labor, Donald S. Shire, J. Michael O'Neill, Thomas L. Holzman, Richard A. Seid, United States Department of Labor, Office of the Solicitor, on brief), for petitioner.
 (Frederick Klein Muth, Hensley, Muth, Garton & Hayes, for respondent Lambert).
 Before WIDENER, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is before the Court on (i) the Director's petition for review of a decision and order of the Benefits Review Board [BRB, or the Board] affirming a decision by an administrative law judge [ALJ] charging the federal Black Lung Disability Trust Fund [Trust Fund] with liability for disability payments due claimant Henry J. Lambert, and (ii) the Director's motion to substitute the West Virginia Workers' Compensation Coal-Workers' Pneumoconiosis Fund [West Virginia Fund] as a party-respondent for claimant's last employer, the now-bankrupt Hawley Coal Company. We affirm the Board's 17 July 1986 decision and order and grant the Director's motion to substitute parties.
 
 
 2
 * The determinative issue in this appeal is the propriety of the ALJ's 29 December 1982 finding of fact and conclusion of law that claimant was not a "miner" within the meaning of the Black Lung Benefits Act (as amended), 30 U.S.C. Secs. 901-945 [the Act], and regulations implemented thereunder, during the last three years of his employment, 1967-70, with the now-bankrupt Hawley Coal Company. During that employment period claimant worked as a line-shack nightwatchman, providing on-site security for coal mining supplies and equipment cached outside the mine entrance, near the tipple. Claimant's nightwatchman duties were from 7:00 p.m. to 3:00 a.m., during which time the mine was operating and he was exposed to coal dust.
 
 
 3
 If this employment qualifies claimant as a "miner," then the West Virginia Fund, in its capacity as successor to Hawley Coal Company's liability for disability payments, is liable for claimant's black lung disability payments. If not, then the Trust Fund is liable for those payments.
 
 
 4
 In any event, claimant's entitlement to black lung disability benefits is not here disputed or in jeopardy. His disabilities arising from coal mine employment prior to joining Hawley Coal Company qualify him for black lung benefits and our decision today has no effect on that point.
 
 II
 
 5
 The Board's scope of review of the ALJ's findings and conclusions is governed by statute and regulation:
 
 
 6
 The Benefits Review Board is not empowered to engage in a de novo proceeding or unrestricted review of a case brought before it. The Board is authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based. Such findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law.
 
 
 7
 20 C.F.R. Sec. 802.301.
 
 
 8
 Our review of the Board's order is governed by Sec. 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 921. 30 U.S.C. Sec. 932(a). Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68, 69 n. 2 (4th Cir.1981). The Board's resolution of questions of statutory construction or application of the act to the particular facts of a case must be upheld if supported by a reasonable factual and legal basis. Amigo Smokeless Coal Co., supra, at 69. In our review we consider, as did the Board, whether there was substantial evidence to support the decision of the ALJ. Zbosnik v. Badger Coal Company, 759 F.2d 1187, 1189-90 (4th Cir.1985); see also Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935, 936 (4th Cir.1986).
 
 
 9
 Here, the Board found substantial evidence to support the ALJ's conclusion that the claimant was not a miner, within the Act's definition, during his employment with Hawley Coal Company. We cannot say that this was error.
 
 III
 A "miner" is defined by the Act as
 
 10
 any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
 
 
 11
 30 U.S.C. Sec. 902(d).
 
 
 12
 The regulations merely provide that "an individual is a miner if he is or was employed in a coal mine." 20 C.F.R. Sec. 722.111(c).
 
 A "coal mine" is defined by statute as
 
 13
 an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land ..., used in, or to be used in, or resulting from, the work of extracting in such area ... coal ..., and the work of preparing the coal so extracted,....
 
 
 14
 30 U.S.C. Sec. 802(h)(2); see also 20 C.F.R. Sec. 722.111(d).
 
 
 15
 A two-pronged test, referred to as the "situs-function" test, has been developed for determining whether one qualifies as a "miner": First, the work must have been performed in or around the situs of an active coal mine or coal preparation facility; second, the work itself must involve, or be integral to, the extraction or preparation of coal. Failure to satisfy either element of the test precludes a finding that a worker is a "miner." See, e.g., Collins v. Director, Office of Workers Compensation Programs, 795 F.2d 368, 371-72 (4th Cir.1986) (driver who hauled slate--a coal by-product, but not "coal"--away from tipple was not involved in coal extraction or mining and was not a "miner"); Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935, 937 (4th Cir.1986) (worker was not a "miner" where his only contact with coal occurred after it had been processed and delivered for market, and his duty was to knock open rail cars for dumping coal onto barges); cf. Amigo Smokeless Coal Co., supra, at 69-70 (a laboratory technician who collected coal samples for processing and analysis was engaged in preparing coal and thus was a "miner"); Sexton v. Mathews, 538 F.2d 88, 89 (4th Cir.1976) (shoveling coal from tipple into lorry qualified worker as "miner"); Adelsberger v. Mathews, 543 F.2d 82, 84-85 (7th Cir.1976) (clerical worker who directed switching of coal gates and cars, oversaw coal weighing, and determined methods for transhipments of coal, was a "miner"); Roberts v. Weinberger, 527 F.2d 600, 602 (4th Cir.1975) (truck driver hauling coal from extraction point to tipple for loading onto rail cars was a "miner").
 
 
 16
 Thus, there was an established legal basis for the ALJ's decision and the Board's decision to apply the two-prong test to the facts in determining the claimant's status as a miner during his employment with Hawley Coal Company.
 
 
 17
 In determining whether claimant was a miner, all three members of the Board agreed that duties as a line-shack nightwatchman fell outside the statutory and regulatory definitions. In applying the function test, the Board agreed unanimously that sitting in a line-shack and watching non-operating mining equipment was not the equivalent of performing duties integral to coal preparation and extraction.
 
 
 18
 Consequently, we conclude there were substantial legal and factual bases for the Board's determination that claimant was not a "miner" during his 1967-70 employment with Hawley Coal Company and that determination will not be disturbed. Accordingly, the Board's 17 July 1986 decision and order is affirmed and the Director's motion to substitute the West Virginia Workers' Compensation Coal-Workers' Pneumoconiosis Fund as a party-defendant in lieu of Hawley Coal Company is granted. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 19
 AFFIRMED.