908 F.2d 966
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
CONSOLIDATED COAL COMPANY, Dolly B. Morgan, Widow of Wayne
D. Morgan, Respondents.
 No. 89-1757.
 United States Court of Appeals, Fourth Circuit.
 Argued April 6, 1990.
Decided July 13, 1990.
 
 Sylvia Theresa Kaser, Office of the Solicitor, United States Department of Labor, Washington, D.C., (argued), for petitioner; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Nicholas J. Levintow, Office of the Solicitor, United States Department of Labor, Washington, D.C., on brief.
 Allen R. Prunty, Jackson & Kelly, Charleston, West Virginia, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before Donald RUSSELL and MURNAGHAN, Circuit Judges, and GARBIS, United States District Judge for the District of Maryland, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The Director of the Office of Workers' Compensation Programs, United States Department of Labor, and Consolidation Coal Company ("Consolidation") argue over the definition of a coal mine under the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1972, 30 U.S.C. Secs. 901 et seq. ("the Act"). If a central repair shop is found to be within the statutory definition of a coal mine then Wayne Morgan, the claimant, is a miner. Consolidation would thus be responsible for any benefits due to his widow. If not, as held by the Administrative Law Judge ("ALJ") and affirmed by the Benefits Review Board ("BRB"), the Director would continue to pay benefits. We hold that under the appropriate standard of review, we must affirm.
 
 A.
 
 2
 Wayne Morgan, the miner, filed a claim for benefits under the Act with the Department of Labor in 1973. Following the development of medical and other evidence, the Department of Labor made an initial finding that he was ineligible for black lung benefits. Consolidation, as the responsible operator and hence potentially liable for the payment of benefits, was so advised. The Department of Labor subsequently reversed its initial finding, and determined that Morgan was eligible to receive benefits. Consolidation contested both Morgan's eligibility for the benefits as well as its potential liability to pay any at all.
 
 
 3
 On February 8, 1982, Morgan died, prompting his widow, Dolly B. Morgan, to file an application for survivor's benefits. Following an additional round of evidentiary development, the Department of Labor issued a determination that Mrs. Morgan's claim was meritorious. Consolidation again controverted that determination and requested a hearing before an ALJ.
 
 
 4
 That hearing was held on April 23, 1987, in Pipestream, West Virginia, before ALJ Nicodemo DeGregorio. On August 26, 1987, the ALJ issued a Decision and Order granting benefits and dismissing Consolidation as the responsible operator. The Act provides for the payment of benefits out of the Black Lung Disability Trust Fund when there is no responsible operator against whom liability can be assessed. 30 U.S.C. Sec. 934(a). Because Morgan did not work as a miner for at least one working day after December 31, 1969, when the Act became effective, Consolidation was held not to be responsible. It is uncontested that Morgan worked as an underground coal miner for more than fifteen years before 1964. The ALJ, however, held that Morgan's employment from 1964 to 1973 in Consolidation's central repair shop not near any mine failed to meet the definition of coal mine employment under the statute. See 30 U.S.C. Sec. 902(d); 20 C.F.R. Sec. 725.101(a).
 
 
 5
 The claims were remanded to the deputy commissioner for payment since the Department of Labor did not contest liability. The Director of the Office of Workers' Compensation Programs appealed the ALJ's decision to the BRB. The BRB affirmed on the same rationale. The Director appealed.
 
 B.
 
 6
 The Director contends that Morgan's employment at the repair shop is coal mine employment. Consolidation argues that the ALJ's decision is supported by substantial evidence and must be affirmed. If reinstated as the responsible party, Consolidation has indicated it will contest Morgan's entitlement to benefits. A reversal of the ALJ and BRB decisions would thus require a remand to the ALJ on the issue of entitlement. Morgan's widow, also named as a respondent, took no position on the Director's appeal to the BRB and presumably takes no position here as well. Her benefits have been uninterruptedly paid from the Black Lung Disability Trust Fund since the ALJ's decision.
 
 
 7
 On another record, the case would raise important questions concerning the scope of the definitions of a mine and miner under the Act. See, e.g., Director, OWCP v. Consolidation Coal Co., 884 F.2d 926 (6th Cir.1989) (central machine repair shop located three-quarters of a mile from active strip mines met the situs requirement of the Act; mechanic working in it was a miner); Baker v. United States Steel Corp., 867 F.2d 1297 (11th Cir.1989) (rigid fixed distance requirement for situs rejected, circumstances underlying each case must be examined, machine shop foreman at central repair shop located amidst three mines and no closer than one-half mile to any was a miner); Director, OWCP v. Zeigler Coal Co., 853 F.2d 529 (7th Cir.1988) (while examination of function of facility is required, an analysis of geographical distance is also a proper consideration in determining situs requirement; electrician who worked on mine equipment in a shop located one and one-half miles from the mine not covered under the Act).
 
 
 8
 On the current record, we affirm the Board's decision. The ALJ specifically credited the affidavit of Gene Bailey, an employee of Consolidation in its Bluefield, Virginia, offices. In that affidavit, Bailey states that there are no coal mines near the central repair shop in which Morgan worked and that, consequently, Morgan failed to meet the situs requirements of 30 U.S.C. Sec. 902(d). We may not here reweigh the evidence or otherwise substitute our judgment for that of the trier of fact, even if the Court would consider another result to be more reasonable. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 477 (1947). As long as the ALJ's findings are "supported by evidence and not inconsistent with the law," we must affirm. Id. Accordingly, the case is
 
 
 9
 AFFIRMED.