911 F.2d 723
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond K. JUSTICE,
v.
JEWELL COAL & COKE COMPANY, Director, Office of Workers
Compensation Programs, United States Department of
Labor, Respondents.
 No. 88-3192.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1990.
Decided Aug. 3, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (86-243-BLA)
 Raymond K. Justice, petitioner pro se.
 Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Washington, D.C., Sylvia Theresa Kaser, Paul Frieden, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond K. Justice appeals an order of the Benefits Review Board (Board) denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. We affirm the decision of the Board insofar as it held that Justice's work for Jewell Coal & Coke Company (Jewell) in Virginia did not constitute coal mine employment. As to the Board's decision based on Justice's work in Kentucky, we dismiss for lack of jurisdiction.
 
 
 2
 The administrative law judge (ALJ) found that Justice's work for Jewell did not constitute coal mine employment because it did not deal with the extraction or production of coal. 30 U.S.C. Sec. 902(d). Justice challenges this finding as erroneous because he worked in the vicinity of coal tipples and his job included shoveling coal. However, not all employment involving coal is covered by the Black Lung Benefits Act. If the worker deals only with coal that is being consumed after its extraction and preparation, the benefits of the Act are not available to him even if he can prove he suffers pneumoconiosis as a result of coal dust inhalation. Collins v. Director, OWCP, 795 F.2d 368 (4th Cir.1986); Sexton v. Mathews, 538 F.2d 88, 89 (4th Cir.1976). Because there is substantial evidence in the record supporting the ALJ's finding that Justice's work for Jewell involved already processed coal, we affirm his conclusion that Justice's work in Virginia did not constitute coal mine employment.
 
 
 3
 The ALJ found that Justice had nine months of coal mine employment in Kentucky. It is at least questionable whether we have jurisdiction to entertain that portion of the appeal relating to the nine months coal mining work performed within the jurisdiction of the Sixth Circuit Court of Appeals,[1] and the OWCP Director has suggested that we transfer the case to the Sixth Circuit. However, as Justice Scalia pointed out in Pittston Coal Group v. Sebben, 109 S.Ct. 414, 422 (1988),[2] it is rare when coal mine employment of less than ten years causes disabling pneumoconiosis. Having no jurisdiction and no evidence on the discrete question, we would not and do not hold that nine months exposure to coal dust could never cause disabling pneumoconiosis. In this case, however, it appears that the ALJ properly weighed the medical evidence and found it did not demonstrate the existence of any pneumoconiosis. Under these circumstances, we do not think it would be in the interest of justice to transfer the case to a sister circuit, and we therefore dismiss the appeal as it relates to Justice's Kentucky employment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 4
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [1]
 See 28 U.S.C. Sec. 1631
 
 
 [2]
 In turn citing the evidence before Congress when it enacted the Black Lung Benefits Reform Act of 1977, which included comprehensive expert testimony on the causes of pneumoconiosis